### THOMS v DIAMOND

Docket No. 63980. Submitted August 4, 1983, at Grand Rapids.—
Decided December 19, 1983. Leave to appeal applied for.

Brenda Thoms was injured in an automobile collision with Mi-
chael Diamond in 1974. In 1978 she brought an action against
Diamond and Farm Bureau Insurance Group, which insured
both plaintiff and Diamond. She was thereafter allowed to file
an amended complaint naming Community Service Insurance
Company, rather than Farm Bureau, as the proper corporate
defendant and claiming that the three-year limitation period
should be extended because of fraudulent concealment on the
part of Community Service. Plaintiff alleged that on the day
the three-year limitation period expired Community Service
terminated payment of no-fault benefits and that she had no
knowledge that Diamond was also insured by Community
Service until after her benefits had been terminated. Thereaf-
ter Diamond waived his statute of limitations defense and,
because the plaintiff thereby was given back her cause of action
against Diamond, the Calhoun Circuit Court, Paul Nicolich, J.,
granted summary judgment to Community Service. The case
proceeded to trial and the jury returned a verdict of no cause of
action. Plaintiff sought a new trial, alleging that the verdict
was against the great weight of the evidence and that Commu-
nity Service was erroneously dismissed from the action because
its misrepresentations had caused a loss of evidence which
would have resulted in a presumption that such evidence would
operate against Community Service. The motion for new trial
was denied by Judge Nicolich, and the plaintiff appealed. *Held:*

1. Plaintiff's claim of fraudulent misrepresentation, not hav-
ing been raised in her complaint, at the trial, or at the hearing
on Community Service's motion for summary judgment, was
not timely. Furthermore, the plaintiff has not identified the
nature of the evidence allegedly lost because of the delay

References for Points in Headnotes
[1] 5 Am Jur 2d, Appeal and Error §§ 545, 853.
   45 Am Jur 2d, Interference §§ 16, 55.
[2] 61A Am Jur 2d, Pleading § 32.
[3] 5 Am Jur 2d, Appeal and Error § 851.

attributed to the misrepresentations. The trial court did not err in granting summary judgment to Community Service.

    2. The trial court did not abuse its discretion in finding that the verdict was not against the great weight of the evidence.

    Affirmed.

1. TORTS — WRONGFUL INTERFERENCE WITH ECONOMIC RELATIONS — APPEAL — TIMELY RAISING OF ISSUE.

    A claim of wrongful interference with economic relations based upon the alleged fraudulent misrepresentations of the defendant, while it is a legally recognized theory of liability, will not support the reversal of a summary judgment in favor of the defendant where the claim was not raised in the plaintiff's complaint, at trial, or at the hearing on the defendant's motion for summary judgment.

2. PLEADING — LOSS OF EVIDENCE — NATURE OF EVIDENCE.

    A plaintiff's claim that a defendant's misrepresentations caused a delay which led to the loss of evidence must be supported by allegations identifying the exact nature of the evidence claimed to have been lost.

3. NEW TRIAL — APPEAL — ABUSE OF DISCRETION.

    A trial court's denial of a motion for a new trial based on a claim that the verdict was against the great weight of the evidence will not be disturbed on appeal absent an abuse of discretion.

*Schroeder, DeGraw, Kendall & Mayhall* (by *Millard N. Mayhall*), for plaintiff.

*Sullivan, Hamilton, Ryan & Schulz* (by *Robert P. Hamilton*), for defendants.

Before: V. J. BRENNAN, P.J., and SHEPHERD and E. A. QUINNELL,* JJ.

SHEPHERD, J. Plaintiff appeals as of right from a jury verdict of no cause of action in her negligence suit arising out of an automobile collision with defendant Diamond. Plaintiff was also unsuccessful in her motion for new trial. We affirm.

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

## Facts

On September 28, 1974, plaintiff was injured in an automobile collision. On May 18, 1978, plaintiff filed a complaint naming as defendants Diamond and the Farm Bureau Insurance Group, which insured both Diamond and plaintiff. In its answer, the insurance group denied being a corporate body and said it did not conduct business as a legal entity.

On June 13, 1978, defendant Diamond moved for accelerated judgment based upon the three-year statute of limitations. In her answer to the motion, plaintiff claimed that the statutory period was extended for two years pursuant to MCL 600.5855; MSA 27A.5855 because of fraudulent concealment. At the same time, plaintiff sought leave to file an amended complaint, naming defendant Community Service Insurance Company as the proper corporate defendant.

On July 14, 1978, plaintiff's motion was granted and the amended complaint filed. The complaint alleged, *inter alia,* that:

(a) Defendant Diamond was negligent in the operation of his vehicle;

(b) Defendant Community Service Insurance Company continued to represent to plaintiff that she was receiving and would continue to receive all possible no-fault benefits which, in turn, led plaintiff to believe that there was no reason for plaintiff to consider a third-party suit;

(c) On the day the statute of limitations ran, Community Service informed plaintiff that her insurance benefits were being terminated;

(d) Plaintiff had no knowledge that Diamond was insured by Community Service until after the benefits were terminated;

(e) Diamond (as principal) was estopped from raising the three-year statute of limitations because of the actions of his agent (Community Service); and

(f) Community Service failed to provide plaintiff with all benefits to which she was entitled and its misrepresentation caused her to lose compensation which she would have recovered in a suit against Diamond.

On November 21, 1978, Diamond withdrew his motion for accelerated judgment and waived his statute of limitations defense. At the same time, defendant Community Service moved for summary judgment, claiming that, since Diamond had withdrawn the statute of limitations defense, plaintiff could proceed in her action against Diamond and would suffer no damage by any action of Community Service. Plaintiff opposed the motion for summary judgment, arguing that the misrepresentation action against Community Service was a separate tort from the underlying action and one for which exemplary damages could be awarded.

On April 20, 1979, the trial court granted Community Service's motion for summary judgment, holding that, by Diamond's waiving of the statutory three-year period of limitations, defendants had given back to plaintiff the cause of action she had prior to the running of the statute of limitations. As to whether plaintiff also had a cause of action against Community Service, the court stated:

"The remaining issue is then having been restored the cause of action against defendant, Michael Diamond, does plaintiff have a cause of action against the insurance company? * * *

"While the defendant company in this case is the plaintiff's no-fault insurer, there is no contractual obli-

gation flowing between recovery under defendant Michael Diamond's contractual relation with the same insurance company until and unless liability and damages are proven.

"The plaintiff in this case may or may not have a cause of action against the defendant insurance company (her insurer) for refusal to pay or for nonpayment of no-fault benefits under the Michigan No-Fault Insurance Act since not pleaded in her complaint, but plaintiff has no cause of action against defendant's insurer once being restored her cause of action against the principal defendant."

After Community Service was dismissed as a defendant, the case proceeded to discovery. Jury trial commenced on February 23, 1982. Both plaintiff and Diamond testified as to their respective versions of the accident. Each claimed that the other had been driving in the wrong lane. Two other witnesses testified: a local police chief who lived adjacent to the accident site and a police officer who had been visiting at the police chief's home on the night the accident occurred. Their testimony was somewhat conflicting and neither had actually seen the collision take place.

After closing arguments and instruction by the trial court, the jury deliberated for 32 minutes before returning a verdict of no cause of action. On March 24, 1982, plaintiff filed a motion for new trial, contending that the verdict was against the great weight of the evidence and that the May 29, 1979, dismissal of Community Service as a defendant was contrary to law. In her accompanying brief, plaintiff argued that Community Service's misrepresentations had caused a loss of evidence which would have resulted in a presumption that such evidence (witnesses for a dramshop action, etc.) would operate against Community Service. As such a presumption would not be applicable

against Diamond, plaintiff claimed that the proofs against the insurance company would be stronger.

The hearing on the motion for new trial was held on April 5, 1982. Defense counsel argued that plaintiff's claim regarding the dismissal of Community Service was not timely since Community Service had been dismissed as a defendant nearly three years earlier, and also that the motion was improper since plaintiff had failed to allege destruction of evidence in her complaint.

In denying plaintiff's motion for new trial, the trial court found that the verdict was not against the great weight of the evidence and that there was

"nothing in the complaint about any loss of any evidence attributable to any delay in the proceedings or the lawsuit being commenced. This is a brand new, novel presentation of facts that have surfaced after the jury has rendered their verdict. And, even so, under the facts of this case, I cannot feel that the insurance company in any way had control with who would be found in the bar or what evidence there was. They had no control over their retention or disposition. I just have to adhere to my previous ruling on the granting of the summary judgment. I don't believe you have a sufficient basis for me to reconsider that."

On appeal, plaintiff claims two errors: (1) the trial court should not have ordered the dismissal of Community Service as a defendant in 1979, and (2) the jury verdict was against the great weight of the evidence.

I

In her amended complaint, plaintiff's claim against Community Service was for misrepresentation which deprived her of the compensation she

would have received in a suit against Diamond. Once the statute of limitations defense was waived by Diamond, however, that problem was cured.

In her motion for new trial, plaintiff raised, for the first time, a claim that Community Service's misrepresentation also caused her to lose valuable evidence that should have been collected shortly after the accident. Plaintiff again raises this claim on appeal, citing *Johnson v Secretary of State,* 406 Mich 420; 280 NW2d 9 (1979), for the evidentiary rule that the destruction of or failure to produce evidence by one party gives rise to the presumption that such evidence would work against that party.

Until recently, there was apparently no specific theory of liability for the destruction of or failure to produce evidence. Such a theory was recognized by this Court, however, in *Jackovich v General Adjustment Bureau, Inc,* 119 Mich App 221; 326 NW2d 458 (1982). *Jackovich* involved a claim of wrongful interference with economic interests. The plaintiff was seriously injured when a propane tank in his home exploded. Both plaintiff and the installer of a connection between the tank and a propane boiler were insured by the defendant Continental Insurance Company. Continental assigned to defendant General Adjustment Bureau the adjustment of the loss under plaintiff's homeowner's policy. An employee of an engineering firm hired by the defendant to locate the cause of the explosion lost some parts he had removed from plaintiff's home. Plaintiff reluctantly settled his lawsuit because his attorney thought the case could not be established without the missing evidence. Subsequently, plaintiff filed suit against the investigator and Continental Insurance Company. Finding Continental liable to plaintiff for the loss of evidence, this Court stated:

"Evidence was presented during the trial which could support a finding that Continental Insurance Company did interfere with the plaintiff's rights. Therefore, it was an issue properly before the jury. * * *

\* \* \*

"* * * We reject defendant's argument that no cognizable claims were presented at trial. The law of Michigan recognizes the tort of interference with economic relations. *Wilkerson v Carlo,* 101 Mich App 629, 632; 300 NW2d 658 (1980). Moreover, Choi's misplacement of the parts did appear to be negligent." *Jackovich, supra,* pp 240-241.

Although there are factual differences between *Jackovich* and the instant case (most significantly, in the instant case concrete evidence was not lost), *Jackovich* provides support for an action for wrongful interference with economic interests or relations based on the loss of evidence. Plaintiff here, however, failed to include a *Jackovich*-type claim in her complaint.

In her complaint, plaintiff essentially outlined three claims:

(1) Count I—Community Service, the agent of Diamond, made fraudulent misrepresentations to induce plaintiff not to bring the action within the statutory time period, and Diamond should be estopped from raising the statute of limitations defense.

(2) Count II—Plaintiff relied on the misrepresentations and was injured by her failure to be compensated after the three-year period. She would have been so compensated if suit had been brought against Diamond.

(3) Count III—The misrepresentations and breach of contract by Community Service deprived plaintiff of all insurance benefits to which she was entitled.

There is no mention here of lost evidence. There

is no indication that plaintiff felt she had been damaged in a way that could not be cured by Diamond's waiver of the statute of limitations. Although plaintiff raises a legally recognizable theory of liability on appeal, we will not reverse on the strength of a claim that was neither included in plaintiff's complaint nor raised at trial or at the summary judgment hearing, clearly the place to have raised the claim that Community Service had prevented plaintiff from obtaining evidence. See *Reed v St Clair Rubber Co,* 118 Mich App 1, 11; 324 NW2d 512 (1982).

As the trial court pointed out in its opinion denying plaintiff's motion for new trial, plaintiff had never before alleged that evidence had been lost. Also fatal to plaintiff's claim is her failure to allege the exact nature of the evidence which may have been lost. While a claim for loss of evidence may be legally viable, such will not be the case where the lost evidence is not identified to the court.[1]

We do not say that a plaintiff may never have an action against an insurance company which neglected to tell the plaintiff that it insured both parties to an accident and which made misrepresentations to the plaintiff which caused her to sit on her rights while valuable evidence disappeared. We do hold, however, that such a plaintiff must raise her claim of lost evidence in a timely manner. Here, plaintiff did not allege a loss of evidence in her May, 1978, complaint nor in the July, 1978,

---

[1] We understand plaintiff to be saying that if the insurance company had not caused her to delay suing the tortfeasor there might have been additional evidence which might have surfaced favorable to plaintiff's cause. Plaintiff then reasons that such nonpleaded and unknown evidence is presumed to favor plaintiff. We are not willing to extend the presumption contained in *Johnson v Secretary of State,* 406 Mich 420, 433; 280 NW2d 9 (1979), to evidence the existence of which has not been established or alleged.

amendment. She never sought to amend her complaint to add such a claim, even when Community Service moved for summary judgment in 1979, resulting in its dismissal as a defendant. At no time during the trial did plaintiff allege that evidence had been lost due to Community Service's misrepresentations. It was not until plaintiff's 1982 motion for new trial that the allegation first surfaced. We find that plaintiff waived any claim against Community Service for loss of evidence by her failure to raise that issue at any time prior to the verdict. Discussing a similar situation in *Three Lakes Ass'n v Whiting*, 75 Mich App 564, 581; 255 NW2d 686 (1977), this Court stated:

"This, however, was not the argument presented to the trial court. Plaintiff may not shift ground on appeal and come up with new theories here after being unsuccessful on the one presented in the trial court. *Thompson v Ecorse*, 7 Mich App 492; 152 NW2d 51 (1967); *Rinaldi v Livonia*, 69 Mich App 58, 64; 244 NW2d 609 (1976)."

See also *Darin & Armstrong v Ben Agree Co*, 88 Mich App 128, 137; 276 NW2d 869 (1979), *lv den* 406 Mich 1007 (1979).

We agree with the trial court in the instant case that a similar theory operates in a motion for new trial, barring exigent circumstances which were not present here. The trial court's orders granting summary judgment and dismissing Community Service as a defendant and denying plaintiff's motion for new trial are therefore affirmed.

## II

Plaintiff next argues that the jury's verdict was

against the great weight of the evidence. We disagree.

On appeal, the trial court's denial of a motion for new trial because the verdict was contrary to the great weight of the evidence will only be disturbed for an abuse of discretion. *Murphy v Sobel,* 66 Mich App 122; 238 NW2d 547 (1975); *Walls v Transamerican Freight Lines,* 37 Mich App 307; 194 NW2d 422 (1971). This Court has not been eager to set aside the ruling of the trial judge. See, *e.g., Termaat v Bohn Aluminum & Brass Co,* 362 Mich 598; 107 NW2d 783 (1961).

As Honigman and Hawkins notes:

"It is impossible to describe objectively the standard by which the weight of the evidence is measured in passing on a motion for a new trial. There is no reason to suppose that other verbal formulas would be any more helpful or meaningful than that used in the rule itself—the verdict 'is against the great weight of the evidence.' On the one hand, a discretionary grant of a new trial may be appropriate, even though there was sufficient evidence to withstand a motion for a directed verdict—that is, when there was some substantial evidence to carry the issue to the jury. *Davis v Belmont Creamery Co,* 281 Mich 165; 274 NW 749 (1937). On the other hand, it would be error for the trial judge to grant a new trial simply because he might draw different inferences from the evidence, resolve conflicting testimony in a different way, reach a different conclusion as to the credibility of witnesses, or prefer a different decision as between permissible alternatives * * *. Between these extremes lies an area in which the proof begins to weigh heavily against the verdict, wherein the trial judge's discretion must be accepted as the best guide to whether fairness requires a new trial." 3 Honigman & Hawkins, Michigan Court Rules Annotated, p 113.

In the instant case, plaintiff's and defendant's

versions of the collision differed. Plaintiff testified that as she crested a hill on a curving road, defendant Diamond came toward her driving on plaintiff's side of the road. Although she tried to swerve to the left, plaintiff could not avoid Diamond entirely and his car collided with hers. Diamond, on the other hand, testified that he was driving slowly on the far right side of the road when plaintiff came up the hill in the wrong lane and struck him head on.

The police officer who saw the accident scene testified that he could smell liquor on Diamond's breath but that Diamond did not appear impaired. Diamond had told him immediately after the accident that he had been going about 45 miles per hour, although at trial Diamond testified that he was going much more slowly. Diamond explained the apparent discrepancy by saying that he had misunderstood the officer's question at the scene of the accident and had meant that he had been going about 45 miles per hour before approaching the curves and hills immediately ahead of the situs of the accident. Although the two police witnesses differed somewhat in their descriptions of the cars' locations after the accident, they did not witness the collision itself and could only describe post-impact conditions.

While the record evidence does not inspire the clear and immediate conclusion that defendant Diamond's version was the correct one, we are unable to say that the trial court's denial of plaintiff's motion and its finding that the jury verdict was not against the great weight of the evidence was an abuse of discretion. The jury could have judged Diamond the more credible of the parties, perhaps as a result of his attack on the veracity and credibility of plaintiff. The police witnesses

could not agree as to whether a sketch of the accident scene introduced into evidence was a point-of-impact sketch or one which represented the cars at rest following the collision. Each party argued that the evidence presented was more favorable to himself or herself.

We therefore agree with the trial court's denial of plaintiff's motion for new trial and decline to reverse either the jury verdict or the order denying the motion.

Affirmed. Costs to appellees.