WILLIAMS v NEVEL'S-JARRETT ASSOCIATES, INC

Docket No. 94272. Submitted July 28, 1987, at Detroit. Decided May 3, 1988. •

Kenneth Williams and his wife, Dorcas Williams, brought an action in the Wayne Circuit Court against Nevel's-Jarrett Associates, Inc., and Richard Jarrett, the operators of Dummy George Jazz Room. Plaintiffs alleged negligence by defendants relating to the shooting of Kenneth Williams by an unknown assailant in the parking lot of Dummy George Jazz Room. The trial court, Robert J. Colombo, J., granted summary disposition in favor of defendants, ruling that plaintiffs had failed to state a claim on which relief can be granted. Plaintiffs appealed.

The Court of Appeals *held:*

1. As a matter of law, the duty of reasonable care a merchant owes invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties. A merchant incurs no tort liability for harm to its customers resulting from the criminal acts of others.

2. The alternative claim that defendants gratuitously assumed and breached an actionable duty to provide for Kenneth Williams' security was not pled in the complaint or raised in the proceedings below. This claim therefore cannot be considered by this Court.

Affirmed.

NEGLIGENCE — BUSINESS INVITEES — DUTY OF REASONABLE CARE — SECURITY GUARDS.

As a matter of law, the duty of reasonable care a merchant owes invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties; a merchant incurs no tort liability for harm to its customers resulting from the criminal acts of others.

REFERENCES

Am Jur 2d, Premises Liability §§ 25, 26, 39 *et seq.,* 44.

See the Index to Annotations under Premises Liability.

Liability of owner or operator of shopping center, or business housed therein, for injury to patron on premises for criminal assault by third party. 93 ALR3d 999.

*Schlussel, Drazin & Dowty, P.C.* (by *Stuart N. Dowty*), for plaintiffs.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Dane A. Lupo* and *Terry J. Pawlowski*), for Richard Jarrett.

Before: GRIBBS, P.J., and HOLBROOK, JR., and N. J. LAMBROS,* JJ.

PER CURIAM. In this case, plaintiffs sought recovery for personal injuries resulting from a gunshot wound inflicted on plaintiff Kenneth Williams by an unknown assailant. Williams was a patron at a nightclub operated by defendants, and the shooting occurred in the nightclub parking lot. The circuit court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(8). We affirm.

In the recently decided case of *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988), the Court's narrow, specific holding was "as a matter of law that the duty of reasonable care a merchant owes his invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties." *Id.,* p 504. A review of the reasoning underlying the holding suggests that it is broad enough to insulate defendants from tort liability for harm to their customers resulting from the criminal acts of others. The holding is premised upon a perceived public policy to facilitate private enterprise even in high-crime areas. "To shift the duty of police protection from the government to the private sector would amount to advocating that members of the public resort to self-help." *Id.,* pp 503-504. In light of *Williams,* we

---

* Circuit judge, sitting on the Court of Appeals by assignment.

conclude that the allegations of plaintiffs' complaint do not state a valid cause of action.

In the alternative, plaintiffs argue that defendants gratuitously assumed a duty to provide for Williams' security and that defendants' negligent performance of that duty is actionable. See *Smith v Allendale Mutual Ins Co,* 410 Mich 685; 303 NW2d 702 (1981), which relied on 2 Restatement Torts, 2d, § 324A. Since, however, this theory was not pled in the complaint or raised in proceedings below, we decline to consider it now. See *Thoms v Diamond,* 131 Mich App 108, 115-117; 346 NW2d 69 (1983), lv den 419 Mich 892 (1984). The allegation in the complaint that Williams relied on defendants' assurances that they conducted a safe place of business lacks the specificity necessary to raise the theory that defendants voluntarily undertook to render services for Williams' protection and should be held liable for the negligent performance of an assumed duty.

Affirmed.