HOLLAND v DELAWARE McDONALD'S CORPORATION

Docket No. 97255. Submitted May 17, 1988, at Detroit. Decided June 14, 1988.

Mark Holland, a minor, was shot and injured when a fight, in which he was not involved, broke out in a McDonald's Restaurant in Detroit that was crowded with high school students. Plaintiff, Milton Holland, as next friend of Mark Holland, filed a complaint in the Wayne Circuit Court against the Delaware McDonald's Corporation alleging, in Count I, that defendant permitted its premises to become overcrowded in violation of a fire ordinance, which caused the injury, and in Count II, that defendant breached its duty to protect Mark Holland from a danger of which defendant was aware because of a shooting that occurred in the same restaurant one year earlier. Defendant moved for summary disposition. Plaintiff then amended his complaint to omit the allegations regarding violation of a fire ordinance and add an allegation that the overcrowding of the restaurant could have foreseeably resulted in a violent confrontation that could injure an innocent bystander such as Mark Holland. The trial court, Robert J. Colombo, Jr., J., ruled, as to Count I, that overcrowding of the restaurant could not, as a matter of law, be a proximate cause of a violent confrontation resulting in gunfire. As to Count II, the court held that defendant had no legal duty to provide a security guard. Plaintiff appealed from the order granting defendant summary disposition.

The Court of Appeals *held:*

1. The question of duty is one solely for the trial court to decide. Since plaintiff had to show a duty in order to state a claim, the case was properly submitted for summary disposition.

2. A merchant's duty of reasonable care does not include

REFERENCES

Am Jur 2d, Negligence §§ 33 *et seq.*

Am Jur 2d, Premises Liability §§ 23 *et seq.,* 123.

Liability of owner or operator of shopping center, or business housed therein, for injury to patron on premises from criminal assault by third party. 93 ALR3d 999.

Parking facility proprietor's liability for criminal attack on patron. 49 ALR4th 1257.

providing security guards to deter criminal acts of third parties. The trial court properly determined that plaintiff failed to state a claim against defendant because the necessary duty element did not exist.

Affirmed.

1. NEGLIGENCE — DUTY.

The existence of a duty owed by defendant to plaintiff is a necessary element of every negligence claim; the question of duty is one solely for the trial court to decide.

2. NEGLIGENCE — BUSINESS INVITEES — DUTY OF REASONABLE CARE — SECURITY GUARDS.

A merchant's duty of reasonable care to its customers does not include providing security guards to deter criminal acts of third parties; public policy does not require an owner or occupier of land to act as an insurer of his invitees in cases of criminal conduct by a third party.

*James D. Murphy, Jr.,* for plaintiff.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C.* (by *Ronald A. Weglarz*), for defendant.

Before: HOOD, P.J., and CYNAR and R. B. BURNS,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of summary disposition under MCR 2.116(C)(8). The trial court found that plaintiff's complaint had failed to state a claim against defendant because foreseeability of harm and a duty owed to the injured party were not present as a matter of law. We affirm the order granting summary disposition.

Mark Holland, a Detroit high school student, was injured while he was in a McDonald's restaurant. The restaurant was full of high school students when a fight broke out and shots were fired. Holland, who was apparently not involved in the

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

fight, was shot in the back as he ran for the door. Plaintiff, as next friend of Mark Holland, filed a two-count complaint. Count I alleged that defendant permitted its premises to become overcrowded in violation of a fire ordinance, which caused Mark Holland's injuries. In Count II, plaintiff alleged that defendant breached its duty to protect Mark Holland from a danger of which defendant was aware based on a shooting that occurred in the same restaurant one year earlier.

Defendant filed a motion for summary disposition. Plaintiff answered defendant's motion and moved to amend Count I of his complaint to omit the allegations regarding violation of a fire ordinance. In its place, plaintiff alleged that the overcrowding of the restaurant could have foreseeably resulted in a violent confrontation that could injure an innocent bystander such as Mark Holland.

The trial court ruled that, as to Count I, overcrowding of the restaurant could not, as a matter of law, be a proximate cause of a violent confrontation resulting in gunfire. As to Count II, the trial court held that defendant had no legal duty to provide a security guard.

A motion for summary disposition under MCR 2.116(C)(8) tests the legal basis of a complaint. Unless a complaint is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery, a motion under this subrule should be denied. *Hobrla v Glass,* 143 Mich App 616, 623; 372 NW2d 630 (1985). The existence of a duty owed by defendant to plaintiff is a necessary element of every negligence claim. The question of duty is one solely for the court to decide. *Simonds v Tibbitts,* 165 Mich App 480, 482-483; 419 NW2d 5 (1987). Plaintiff argues that his complaint should not have been dismissed because foreseeability is a question for the jury. However,

the basis of both counts of plaintiff's complaint is that defendant owed a duty to protect its customers from criminal activity. Since plaintiff had to show duty in order to state a claim, and duty is not a question for the jury, this case was properly submitted for summary disposition.

Our Supreme Court recently addressed the issue of the duty owed by a merchant to its customers. In *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988), the Court held that a merchant's duty of reasonable care does not include providing security guards to deter criminal acts of third parties. The Court said that an owner or occupier of land remained responsible for correcting physical defects that may result in injuries to invitees, but could not be held responsible for the incidents of crime in the community.

Count II of plaintiff's complaint is clearly premised on a duty to provide protection against crime. In accordance with *Williams,* we hold that defendant owed no such duty to Mark Holland in the present case. Count I of plaintiff's complaint is based on a duty to prevent the premises from becoming overcrowded, resulting in criminal activity. We believe that *Williams* is controlling regardless of whether the criminal activity results from the absence of security guards or the overcrowding of a restaurant. Public policy does not require an owner or occupier of land to act as an insurer of his or her invitees in cases of criminal conduct. Therefore, both counts of plaintiff's complaint failed to state a claim against defendant because the necessary duty element did not exist. Summary disposition was properly granted to defendant.

The order granting summary disposition to defendant is affirmed.