## PAPADIMAS v MYKONOS LOUNGE

Docket No. 103796. Submitted January 10, 1989, at Detroit. Decided
March 20, 1989. Leave to appeal applied for.

Christos Papadimas, a patron at Mykonos Lounge, was injured
when he was suddenly assaulted by another patron, Shadad
Mattey. Papadimas brought an action in the Wayne Circuit
Court against the lounge, its partners and Mattey alleging,
among other things, negligence and premises liability in gen-
eral terms. The court, Thomas J. Foley, J., granted summary
disposition in favor of the lounge and its partners in that count.
Plaintiff appealed.

The Court of Appeals *held:*

The trial court did not err in granting the summary disposi-
tion to the defendants. Plaintiff did not allege specifics to show
a genuine issue of fact as the court rules require. Defendants
owed plaintiff only the ordinary duty of care merchants owe
business invitees, not some higher duty because it was in a
high-crime area, and there was no evidence to indicate that
that duty had been breached.

Affirmed.

1. Motions and Orders — Summary Disposition — Pleading —
   Court Rules.

   Where a motion for summary disposition for lack of a genuine
   issue of material fact has been made and supported, the court
   rules provide that the adverse party affirmatively set forth
   specific facts showing a genuine issue for trial (MCR
   2.116[G][4]).

2. Negligence — Business Invitees — Duty — Security Guards.

   As a matter of law, the duty of reasonable care a merchant owes

References

Am Jur 2d, Negligence §§ 104-111; Premises Liability § 200; Sum-
mary Judgment §§ 26, 27.

Liability of owner or operator of shopping center, or business
housed therein, for injury to patron on premises from criminal
assault by third party. 93 ALR3d 999.

invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties; the merchant is not an insurer of the safety of invitees, and, for reasons of public policy, does not have the responsibility for providing police protection on business premises.

3. NEGLIGENCE — BUSINESS INVITEES — DUTY — HIGH-CRIME AREAS.

The duty of care owed by a merchant to a business invitee is not higher in a high-crime area than elsewhere.

*Kenneth M. Davies,* for plaintiff.

*Collins, Einhorn & Farrell, P.C.* (by *Dale J. McLellan* and *Noreen L. Slank*), for defendants Mykonos Lounge, Panagopoulous, Korogiannis and Peristeris.

Before: MAHER, P.J., and CYNAR and GRIFFIN, JJ.

GRIFFIN, J. Plaintiff appeals as of right from a lower court order granting defendants Mykonos Lounge and Mykonos Lounge partners Demetrios Panagopoulus, Agrias Korogiannis, and Athanasius A. Peristeris summary disposition as to Count I of plaintiff's second amended complaint. Plaintiff's suit for personal injuries arose out of a criminal assault and battery committed by codefendant Shadad Mattey upon the plaintiff while the two were patrons in the Mykonos Lounge. In granting the motion for partial summary disposition the lower court ruled that the lounge and its partners did not owe the plaintiff a duty to prevent the criminal assault. We agree and therefore affirm.

I

Count I of plaintiff's second amended complaint

alleges negligence and premises liability in general terms.[1]

Defendant Mykonos Lounge, and its individual partners, in support of their motion for partial summary disposition, submitted to the trial court depositions or portions thereof. The Honorable Thomas J. Foley relied on such documentary evidence in holding that there was not a duty owed to

[1] Plaintiff's second amended complaint contains the following pertinent allegations:

6. That on December 2, 1983, at or about 2:15 A.M., plaintiff was a patron at defendant, Mykonos Lounge, and was standing at the bar.

7. That at the aforementioned time and place defendant, Shadad Mattey, did intentionally strike plaintiff from behind with a handgun.

8. That as a result of the failure of defendant, Mykonos Lounge, to adequately protect the safety of its business invitee, and as a result of the assault and battery by defendant, Shadad Mattey, plaintiff Christos Papadimas, was caused to suffer serious physical and mental injuries and damages. . . .

COUNT I - NEGLIGENCE OF DEFENDANTS MYKONOS LOUNGE, DEM-ETRIOS PANAGOPOULUS, AGIRIAS KOROGIANNIS AND ATHANASIUS A. PERISTERIS

\* \* \*

9. That at all times relevant herein, the defendants, Mykonos Lounge, Demetrios Panagopoulus, Agirias Korogiannis, and Athanasius A. Peristeris owed a duty to their patrons and the general public, including the plaintiff, Christos Papadimas, to provide them with a safe place for the purposes of doing business as business invitees.

10. That the defendants, Mykonos Lounge, Demetrios Panagopoulus, Agirias Korogiannis and Athanasius A. Peristeris breached the duty owed to the plaintiff in a manner including, but not limited to, the following:

a. By failing to provide safe and secure premises for its business invitees;

b. By failing to warn plaintiff of all hazards or dangers which, by the exercise of ordinary care, it knew, or should have known, might cause injury;

c. By failing to take cognizance of previous incidents and events which gave warning of the danger to patrons, including the plaintiff.

11. That as a direct and proximate result of the aforementioned negligence, the plaintiff, Christos Papadimas, sustained serious injuries and damages as hereinbefore stated.

prevent the sudden and unexpected criminal activity:

> *The Court*: All right. The court has read all of your Briefs and listened to the arguments. I can't help but place this Mykonos in the area which it belongs. It is within the shadow of the main police precinct of the City of Detroit. It is a [busy] business district, and placing it in its proper perspective, we have, according to everything I read in your Briefs and in your depositions and portions thereof, you have a criminal activity which comes about suddenly, unexpectedly, unpredictably.
>
> Now there isn't any question but that the premise owner is not a policeman. He is not placed in a position to be a policeman nor must he replace those services which the police are expected to provided.
>
> From what I have seen and the cases that I've—some of the cases you cite are my own cases incidentally—I don't think there is any question but that on these factual situations, that those Counts dealing with premise liability must go out, and I will grant your Motion as to that.

Witness John Zois testified in his deposition that the assault came as a "complete surprise" and that nothing happened before the incident to lead anyone to believe that violence was to occur. Further, the personnel of the restaurant quickly attempted to intercede after the incident. The deposition of partner Poyvios Panagopoulus was submitted to the trial court as evidence that the defendants did not know, prior to the incident, of any violent tendencies of Shadad Mattey or of any other assaults by Mattey in the Mykonos Lounge or other restaurants.

In defense of the motion for partial summary disposition, plaintiff Christos Papadimas filed in the trial court a "response to defendant's motion

for partial summary disposition" which contained the following conclusory statements:

> 2. . . . Plaintiff denies that defendant Mykonos was not aware of defendant Mattey's violent propensities prior to his attack upon the plaintiff.
>
> \* \* \*
>
> 7. Denied. Plaintiff will introduce evidence at the time of trial to show that defendant's lounge was situated in a high crime area; that one or more of the defendant's principals were aware of the criminal activities in the vicinity of defendant's lounge; that at least one violent assault had previously occurred within defendant's establishment which a patron of said establishment had his ear bitten off by another patron; and that defendant's manager Poyvios (Paul) Panagopoulus found it necessary to carry a handgun on his person during the course of his employment at Mykonos.

Plaintiff failed to support such allegations with any affidavits, depositions, admissions, or other documentary evidence. Documentary evidence not part of the lower court record but filed by the plaintiff-appellant for the first time on appeal was struck from appellant's brief pursuant to an April 19, 1988, order of this Court.

MCR 2.116(G)(4) is explicit in its requirement of documentary evidence for the defense of a motion brought under MCR 2.116(C)(10):

> When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial.

In the instant case, plaintiff relied totally upon

his pleadings and conclusory response to the motion without submitting to the trial court any affidavits, depositions, or other documentary evidence in support of his conclusion that the defendant knew or should have known of Shadad Mattey's dangerousness prior to the incident. Absent contradictory evidence, the trial court properly accepted the facts as presented by defendants-appellees.

II

The existence of a duty owed by the defendant to the plaintiff is a necessary element of every negligence or premises liability cause of action. The question of duty is an issue of law for the court to decide. *Moning v Alfono,* 400 Mich 425, 437; 254 NW2d 759 (1977), reh den 401 Mich 951 (1977); *Farwell v Keaton,* 396 Mich 281; 240 NW2d 217 (1976).

Recently our Supreme Court in *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988), held that as a matter of law the duty of a merchant to his invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties. The Court in *Williams, supra* at 504, stated:

> The merchant is not an insurer of the safety of his invitees, and for reasons of public policy he does not have the responsibility for providing police protection on his premises.

In numerous decisions since *Williams,* this Court has affirmed the dismissal of claims against business proprietors for injuries sustained to invitees committed by third-party criminal actors. *Marr v*

*Yousif,* 167 Mich App 358; 422 NW2d 4 (1988) (grocery store had no duty to protect plaintiff against armed robbery in its parking lot). *Heitsch v Hampton,* 167 Mich App 629; 423 NW2d 297 (1988) (telephone company breached no duty to plaintiff by disconnecting his phone, preventing him from calling for help when attacked by third party). *Horn v Arco Petroleum Co,* 170 Mich App 390; 427 NW2d 582 (1988) (service station had no duty to protect plaintiff against injuries sustained in an assault by third party on its premises). *Williams v Nevel's-Jarrett Associates, Inc,* 171 Mich App 119; 429 NW2d 808 (1988) (night club had no duty to protect patron against assault in its parking lot). *Holland v Delaware McDonald's Corp,* 171 Mich App 707; 430 NW2d 766 (1988) (restaurant had no duty to protect patron against a third party).

Plaintiff-appellant Christos Papadimas attempts to distinguish *Williams v Cunningham Drug Stores, Inc* from the instant case and relies upon *Mills v White Castle System, Inc,* 167 Mich App 202; 421 NW2d 631 (1988), for the proposition that the defendants owed a duty to intervene to prevent the third-party criminal activity. In *Mills,* it was held that, although the defendant did not owe a duty to provide police protection, the proprietor may have owed a duty to summon the police after the commencement of the altercation or to have attempted to eject the criminal patron after he became intoxicated and obviously unruly.

The facts in the present case, as presented to the trial judge, do not parallel *Mills.* Rather, the incident in the present case occurred suddenly, unexpectedly, and to the complete surprise of the witnesses.

III

Criminal activity, by its deviant nature, is nor-

mally unforeseeable. As noted by Prosser and Keaton, Torts (5th ed), § 33, p 201:

> Under all ordinary and normal circumstances, in the absence of any reason to expect the contrary, the actor may reasonably proceed upon the assumption that others will obey the criminal law. . . . Although such things [criminal acts] do occur, as must be known to anyone who reads the daily papers, they are still so unlikely in any particular instance that the burden of taking continual precautions against them almost always exceeds the apparent risk.

Although crime occurs more frequently in certain areas of our cities and particular portions of the state, we again decline to apply a higher standard of duty in such so-called high crime areas. As stated by this Court in *Horn v Arco Petroleum Co, supra,* p 394:

> The risk of an unknown assailant appearing on the leased business premises and taking a vehicle from its possessor, while perhaps more foreseeable in an area of high crime, is not the type of risk on which the law is willing to base a duty. Therefore, we hold as a matter of law that defendant owed no legally recognized duty to protect plaintiff against the crime that allegedly occurred at the service station.

Requiring business establishments in high crime areas to be turned into fortresses and to be held strictly liable for third-party criminal conduct is undesirable public policy. Such public policy considerations were recognized in *Williams v Cunningham Drug* and by this Court in *Marr v Yousif, supra* at 364:

Furthermore, we will not require storeowners, as plaintiffs apparently invite us to do, to fence up their store parking lots and provide impregnable passageways for delivery people. Plaintiff would have us create a duty on the part of storeowners to turn their stores into fortresses. Every time a crime occurred on a merchant's premises a plaintiff would have to do no more than allege a measure that a defendant might have taken and the jury would then be allowed to speculate whether the alleged measure might have inhibited the criminal. Since such allegations can be made in every case we would be imposing strict liability in the guise of negligence.

The trial court was correct in granting partial summary disposition.

Affirmed.