READ v MEIJER, INC

Docket No. 104692. Submitted November 8, 1988, at Lansing. Decided May 9, 1989.

Linda Read was abducted and sexually assaulted by a lone assailant who had approached her in the parking lot of a store owned and operated by Meijer, Inc. Linda and Donald Read brought an action in the Ingham Circuit Court against Meijer, Inc., alleging that defendant was negligent in failing to provide adequate security at the parking lot. A jury returned a verdict in plaintiffs' favor. The trial court, Thomas L. Brown, J., denied defendant's posttrial motions for directed verdict, new trial, or judgment notwithstanding the verdict. The court also awarded costs to plaintiffs as a sanction for defendant's rejection of a mediation evaluation. Defendant appealed.

The Court of Appeals *held:*

As a matter of law, the duty of reasonable care a merchant owes invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties. A merchant incurs no tort liability for harm to its customers resulting from the criminal acts of others.

Reversed.

NEGLIGENCE — BUSINESS INVITEES — DUTY OF REASONABLE CARE — SECURITY GUARDS.

As a matter of law, the duty of reasonable care a merchant owes invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties; a merchant incurs no tort liability for harm to its customers resulting from the criminal acts of others.

*Abood, Abood & Rheaume, P.C.* (by *William E. Rheaume*), for plaintiffs.

*Hayduk, Dawson, Andrews & Hypnar, P.C.* (by

REFERENCES

Am Jur 2d, Premises Liability § 200.

Liability of owner or operator of shopping center, or business housed therein, for injury to patron on premises from criminal assault by third party. 93 ALR3d 999.

*Mark S. Hayduk* and *Alice M. Rhodes*), for defendant.

Before: MACKENZIE, P.J., and WEAVER and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant appeals as of right from a jury verdict finding it liable for injuries sustained by plaintiff Linda Read as a result of an assault which took place in the parking lot of a store operated by defendant, as well as the denial of its posttrial motions for directed verdict, new trial, or judgment notwithstanding the verdict. We reverse.

The facts are essentially undisputed. At approximately 5:30 or 6:00 P.M. on February 16, 1985, plaintiff Linda Read left defendant's store and returned to her car which was parked in the store's parking lot. A man approached Read, placed a gun to her ribs, ordered her into the car, and directed her to drive out of the lot and down an adjacent dead-end road. After Read stopped the car, the man searched her purse for money and then raped her. Following the rape, the man told Read to drive back to defendant's parking lot. He then fled. At trial, plaintiffs alleged that defendant was negligent in failing to provide adequate security in the store parking lot.

In *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988), our Supreme Court held that, as a matter of law, the duty of a merchant to its invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties. Defendant maintains that the holding of *Williams* controls this case. Plaintiffs, on the other hand, contend that *Williams* is inapposite to this case, as

---

* Circuit judge, sitting on the Court of Appeals by assignment.

it was limited to the narrow, specific issue whether a merchant's duty includes providing armed and visible security guards.

In *Williams v Nevel's-Jarrett Associates, Inc,* 171 Mich App 119; 429 NW2d 808 (1988), the plaintiff, a patron of the defendant's night club, was shot in defendant's parking lot by an unknown assailant. This Court rejected the plaintiff's argument that the holding of *Williams v Cunningham Drugs* was so narrow as to preclude its application to the plaintiff's case:

> *A review of the reasoning underlying the holding suggests that it is broad enough to insulate defendants from tort liability for harm to their customers resulting from the criminal acts of others.* The holding is premised upon a perceived public policy to facilitate private enterprise even in high-crime areas. "To shift the duty of police protection from the government to the private sector would amount to advocating that members of the public resort to self-help." *Id.,* pp 503-504. In light of *Williams,* we conclude that the allegations of plaintiffs' complaint do not state a valid cause of action. [171 Mich App 120-121. Emphasis added.]

Since *Williams v Cunningham Drugs,* this Court has consistently affirmed the dismissal of claims against business proprietors for injuries sustained by invitees from acts committed by third-party criminal actors. See, e.g., *Marr v Yousif,* 167 Mich App 358; 422 NW2d 4 (1988) (grocery store had no duty to protect plaintiff against armed robbery in its parking lot); *Heitsch v Hampton,* 167 Mich App 629; 423 NW2d 297 (1988), lv den 431 Mich 875 (1988) (telephone company breached no duty to plaintiff by disconnecting his phone, preventing him from calling for help when attacked by third party); *Horn v Arco Petroleum Co,* 170 Mich App

390; 427 NW2d 582 (1980) (service station had no duty to protect against injuries sustained in an assault by third party on its premises); *Holland v Delaware McDonald's Corp,* 171 Mich App 707; 430 NW2d 766 (1988) (restaurant had no duty to protect patron against criminal activity of third party); *Papadimas v Mykonos Lounge,* 176 Mich App 40; 439 NW2d 280 (1989) (restaurant had no duty to prevent criminal assault and battery on plaintiff by another patron).

We too decline to adopt the narrow reading of *Williams v Cunningham Drugs* which plaintiffs urge. *Williams* controls here and, in light of *Williams,* we conclude that plaintiffs have not presented a valid cause of action. We therefore reverse the trial court's denial of defendant's post-trial motions, as well as the trial court's award of costs to plaintiffs under MCR 2.403(O). Our disposition makes it unnecessary to consider defendant's remaining claim.

Reversed.