PEREZ v KFC NATIONAL MANAGEMENT COMPANY, INC

Docket No. 110528. Submitted December 21, 1989, at Lansing. Decided January 26, 1990. Leave to appeal applied for.

Lorenzo G. Perez sustained injury when he was assaulted and robbed by an unknown assailant as he was leaving a Kentucky Fried Chicken restaurant. Lorenzo and Nivia Perez brought a negligence action in Oakland Circuit Court against KFC National Management Company, Inc., the operator of the restaurant, alleging that defendant had breached its duty to keep its premises reasonably safe for its business invitees. The court, Robert L. Templin, J., denied defendant's motion for summary disposition. Defendant appealed by leave granted.

The Court of Appeals *held:*

Generally, a business invitor owes a duty to its invitees to maintain its premises in a reasonably safe condition and to exercise ordinary care and prudence to keep its premises safe. However, as a matter of law, such duty does not extend to providing armed, visible security guards to protect invitees from the criminal acts of third parties. An invitor incurs no tort liability for harm to its invitees resulting from the criminal acts of others where the invitor had no notice of the potential danger.

Reversed.

NEGLIGENCE — BUSINESS INVITEES — DUTY OF REASONABLE CARE.

Generally, a business invitor owes a duty to its invitees to maintain its premises in a reasonably safe condition and to exercise ordinary care and prudence to keep its premises safe; however, as a matter of law, such duty does not extend to providing armed, visible security guards to protect invitees from the criminal acts of third parties; an invitor incurs no tort liability for harm to its invitees resulting from the criminal acts of others where the invitor had no notice of the potential danger.

REFERENCES

Am Jur 2d, Premises Liability §§ 45, 46, 48.

Liability of storekeeper for death of or injury to customer in course of robbery. 72 ALR3d 1269.

*Googasian, Hopkins, Rogers, Hohauser & Forhan* (by *Michael S. Hohauser*), for plaintiffs.

*Ecclestone, Moffett & Humphrey, P.C.* (by *Stephen T. Moffett*), for defendant.

Before: MICHAEL J. KELLY, P.J., and SULLIVAN and G. S. ALLEN,* JJ.

PER CURIAM. Defendant appeals by leave granted the circuit court's denial of its motion for summary disposition. The issue before us is whether defendant merchant owed a duty to plaintiff Lorenzo Perez to protect him from the criminal acts of a third party. We find that there was no such duty in this case, and reverse.

On the afternoon of May 14, 1986, plaintiff entered defendant's Kentucky Fried Chicken establishment in a high-crime area. The person standing in line in front of plaintiff was arguing with the girl behind the counter, but eventually left. Although plaintiff is not fluent in English, he thought that the unnamed patron was trying to buy chicken for four people with only $1. Plaintiff was not personally afraid because the argument did not concern him.

After purchasing his chicken, plaintiff started to leave the store and return to his car where he had left his grandson. As he was walking out the door, he was struck by someone on the side of the head, and his chicken and some money were stolen. Apparently two persons were involved. Although plaintiff's complaint indicated that the unnamed patron who had been in the store had struck him, his deposition testimony was that it was not the unnamed patron and plaintiff did not know who

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

actually struck him. Plaintiff's grandson's deposition testimony indicated that it may have been a companion of the unnamed patron that stuck plaintiff. Plaintiff also indicated in his deposition testimony that, although there are windows in the front of the store, there was cement around the doorway, obstructing his view of the men outside. The assault caused serious injury to plaintiff's eye.

Plaintiff filed the instant action on August 3, 1987, alleging that defendant had breached its duty to keep its premises reasonably safe for its business invitees. On April 15, 1988, defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (10), on the ground that it had no duty to take action to protect plaintiff prior to the assault. In a June 6, 1988, hearing, the court denied the motion. On July 5, 1988, an order to that effect was entered. The order also "certified" the matter for appeal and stayed further proceedings pending final disposition of the appeal. This Court granted leave to appeal.

Generally, a motion of this type would be reviewed pursuant to MCR 2.116(C)(8). However, since we are considering deposition testimony and evidence other than the pleadings, we will treat the motion pursuant to MCR 2.116(C)(10). See *Grochowalski v DAIIE,* 171 Mich App 771, 773; 430 NW2d 822 (1988).

A motion under MCR 2.116(C)(10) tests the factual support of a claim and is properly granted only if the court is satisfied that it is impossible for the nonmoving party's claim to be supported by evidence at trial because of some deficiency which cannot be overcome. *Id.,* pp 773-774. The court must give the benefit of every reasonable doubt to the opposing party and all reasonable inferences are to be drawn in favor of that party. *Dagen v Hastings Mutual Ins Co,* 166 Mich App

225, 229; 420 NW2d 111 (1987), lv den 430 Mich 887 (1988).

The existence of a duty owed by a defendant to the plaintiff is a necessary element in every negligence or premises liability case. *Papadimas v Mykonos Lounge,* 176 Mich App 40, 45; 439 NW2d 280 (1989). There can be no actionable negligence if there is no legal duty. *Etter v Michigan Bell Telephone Co,* 179 Mich App 551, 555; 446 NW2d 500 (1989). The question of duty is an issue of law for the court to decide. *Papadimas, supra.*

The general rule is that a business invitor owes a duty to its customers to maintain its premises in a reasonably safe condition and to exercise ordinary care and prudence to keep the premises safe. *Marr v Yousif,* 167 Mich App 358, 361; 422 NW2d 4 (1988), lv den 431 Mich 880 (1988). However, this duty is not absolute. *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495, 500; 418 NW2d 381 (1988). It does not extend to conditions from which an unreasonable risk cannot be anticipated. *Id.* A business invitor is not the insurer of the safety of the invitees. *Id.; Holland v Delaware McDonald's Corp,* 171 Mich App 707, 710; 430 NW2d 766 (1988). Although a business invitor can control the condition of its premises by correcting physical defects which could result in injuries to its invitees, it cannot control the incidence of crime in the community. *Williams, supra,* p 502.

In *Williams,* the plaintiff was shopping in defendant's store when an armed robbery occurred. In the confusion, plaintiff ran outside of the store directly behind the fleeing robber, and the robber turned and shot him. Our Supreme Court concluded that, as a matter of law, the duty of reasonable care a merchant owes its invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of

third parties. The merchant does not have the responsibility of providing police protection on its premises. *Williams, supra,* p 504.

Since *Williams* was decided, this Court has consistently affirmed the dismissal of claims against business proprietors for injuries sustained by invitees from acts committed by third-party criminal actors where the proprietor had no notice of the acts. See *Read v Meijer, Inc,* 178 Mich App 624, 626; 444 NW2d 151 (1989); *Papadimas, supra,* pp 45-46.[1] Further, this Court has declined to take a narrow view of *Williams,* but has concluded that a review of the underlying reasoning of *Williams* suggests that it is broad enough to insulate defendants from tort liability for harm to their customers resulting from the criminal acts of others. *Read, supra,* p 626; *Kenneth Williams v Nevel's-Jarrett Associates, Inc,* 171 Mich App 119, 120-121; 429 NW2d 808 (1988). Criminal activity, by its deviant nature, is normally unforeseeable. *Papadimas, supra,* pp 46-47. Further, this Court has declined to apply a higher standard of duty in high crime areas. *Papadimas, supra,* p 47.

However, in *Mills v White Castle System, Inc,* 167 Mich App 202; 421 NW2d 631, lv den 431 Mich 880 (1988), this Court reversed the grant of summary disposition in favor of a business invitor where the plaintiffs were injured by the criminal acts of third parties in the parking lot of its business. However, this case is distinguishable from *Williams* and the case at bar. In *Mills,* during the attack on plaintiffs by a group of unruly persons who had been drinking and acting disorderly for some time, one of plaintiffs' friends reentered defendant's establishment and asked the manager to call the police. The manager not only

[1] Both of these cases list numerous opinions which have affirmed the dismissal of such claims.

refused to call the police, but refused to let plaintiffs' friend call the police, telling the friend to go across the street to use a public telephone.

> [W]e find this case distinguishable on the policy rationales discussed in *Williams*. Here, defendant was not asked to provide police protection to plaintiffs. Instead, defendant's employees were asked to summon the police or to allow plaintiffs' companion to summon the police. Self-help was not required and defendant was informed of the extent of the criminal activity. Hence, we believe that these specific acts alleged by plaintiffs could result in a breach of defendant's duty to exercise reasonable care for its invitees' protection and, therefore, plaintiffs did state a claim upon which relief could be granted. [*Mills, supra,* p 208.]

In the present case, although the unnamed patron had argued with defendant's employee, nothing was directed at plaintiff. Plaintiff stated that he was not afraid because the argument did not concern him. Plaintiff also stated that, when the unnamed patron left, he thought that was the end of the incident. There is no indication that defendant had any notice that this unnamed patron would harm plaintiff or any other customer.[2] Even *Mills* is consistent with the position that a defendant must have some kind of notice or awareness of a potential danger to its customers to be liable. Further, a merchant cannot be expected to summon the police every time it has an irate customer, nor is it foreseeable that an irate customer would attack another patron where no indication

---

[2] At oral argument, plaintiff's counsel brought to our attention an affidavit regarding prior activities in the store. Assuming the affidavit is admissible under the hearsay rules, we still do not find any indication that any threatening activity was directed toward plaintiff or any of defendant's other customers on the date of the assault on plaintiff.

of tension between them existed. Thus, we are satisfied that it is impossible for plaintiff's claim to be supported at trial because defendant owed no duty to plaintiff to summon police or to see that the unnamed person had left the parking area before the attack occurred. We find that the trial court erred in denying defendant's motion for summary disposition.

Reversed.