### DOUGLAS v ELBA, INC

Docket No. 115686. Submitted February 16, 1990, at Detroit. Decided June 5, 1990. Leave to appeal applied for.

Sheryl Douglas was sexually assaulted in a parking lot near Harpo's Bar in the City of Detroit after leaving Harpo's with the person who assaulted her. She filed a complaint against Elba, Inc., owner of Harpo's; her assailant; and Jabar Security & Detective Agency, Inc., in Wayne Circuit Court alleging, inter alia, that Elba had a duty to protect her from criminal assault, that Jabar had contracted with Elba to provide security, that both Elba and Jabar had breached their duty to protect her, and that she suffered injury as a result. A default judgment was entered against Elba, and a consent judgment was entered against plaintiff's assailant. The court, William J. Giovan, J., granted summary disposition in favor of Jabar, finding that Elba was not liable for the assault and that Jabar therefore was not liable either. The court also found that liability could not be imposed on Jabar pursuant to the dramshop act. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court properly held as a matter of law that the dramshop act did not impose liability on Jabar.

2. The trial court correctly held that Elba owed plaintiff no duty to protect her from criminal assault in the parking lot and that, accordingly, Jabar had no contractual duty to protect plaintiff from the assault which occurred.

3. Jabar had no common-law duty to protect plaintiff.

Affirmed.

1. INTOXICATING LIQUORS — DRAMSHOP ACT — SECURITY GUARDS — LIABILITY FOR CRIMINAL ASSAULTS.

The dramshop act imposes liability on tavern owners for the unlawful selling, giving, or furnishing of alcoholic liquor; it

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 566, 583, 594; Premises Liability §§ 45, 46, 521-523.

Tavernkeeper's liability to patron for third's person's assault. 43 ALR4th 281.

does not impose liability on a security agency hired by a tavern owner where one of the customers is criminally assaulted by another customer, allegedly served liquor in violation of the dramshop act, in a parking lot used by the tavern's patrons (MCL 436.22; MSA 18.993).

2. NEGLIGENCE — BUSINESS INVITEES — DUTY OF REASONABLE CARE — SECURITY GUARDS.

The duty of reasonable care owed by a merchant to its invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties.

*Richard A. Lenter, P.C.* (by *Richard A. Lenter*), for plaintiff.

*Ulanoff, Ross & Wesley, P.C.* (by *Lesley F. Knapp*), for defendant.

Before: DANHOF, C.J., and BRENNAN and G. S. ALLEN,* JJ.

PER CURIAM. Plaintiff appeals as of right from a Wayne Circuit Court order granting defendant Jabar Security & Detective Agency, Inc.'s motion for summary disposition. MCR 2.116(C)(8) and (10). We affirm.

On December 6, 1985, plaintiff was sexually assaulted by defendant Ronald Georges in a parking lot near Harpo's Bar in the City of Detroit. Georges was subsequently convicted of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). Plaintiff filed a complaint against defendant Elba, Inc., owner of Harpo's, defendant Georges, and defendant Jabar Security & Detective Agency, Inc. Defendant Elba contracted with defendant Jabar to provide outside security for its patrons. A default judgment was entered against defendant Elba, and a consent judgment was en-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

tered against defendant Georges. This appeal concerns defendant Jabar only.

At the hearing on defendant Jabar's motion, the trial court found that defendant was providing services on the date in question. The trial judge also found that a significant portion of Harpo's patrons parked their vehicles in the lot across the street from Harpo's, where plaintiff was assaulted. The trial court granted defendant's motion for summary disposition, finding that defendant Jabar owed no duty to plaintiff pursuant to *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495, 500; 418 NW2d 381 (1988), and *Jones v Williams,* 160 Mich App 681, 686; 408 NW2d 426 (1987), lv den 430 Mich 867 (1988). The trial court found that defendant Elba was not liable for the assault and that, accordingly, defendant Jabar could not be liable either. The trial court also found as a matter of law that liability could not be imposed on defendant Jabar pursuant to the Michigan dramshop act, MCL 436.22; MSA 18.993.

Plaintiff claims on appeal that the trial court erred by holding that defendant Jabar owed no legal duty to plaintiff. Plaintiff first argues that defendant owed her a duty of care pursuant to the dramshop act. We disagree. The dramshop act provides a cause of action to a person who has been injured "by reason of the unlawful selling, giving, or furnishing of alcoholic liquor." MCL 436.22(4); MSA 18.993(4). Defendant Jabar is not in the business of furnishing alcoholic beverages. The trial court properly held as a matter of law that the statute did not impose liability on the security agency, but rather on the tavern owner.

Plaintiff next argues that defendant had a contractual duty to protect plaintiff. Plaintiff argues that defendant Jabar's duty to protect plaintiff derived from defendant Elba's duty to protect its

business invitees due to the contract between defendants Jabar and Elba. We disagree.

The existence of a duty owed by a defendant to the plaintiff is a necessary element of every negligence or premises liability case. *Papadimas v Mykonos Lounge,* 176 Mich App 40, 45; 439 NW2d 280 (1989). Duty has been defined as "an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct towards another." *Schanz v New Hampshire Ins Co,* 165 Mich App 395, 402; 418 NW2d 478 (1988), lv den 431 Mich 865 (1988). Whether the law will impose such an obligation depends upon the relationship between the actor and the injured party. *Moning v Alfono,* 400 Mich 425, 438-439; 254 NW2d 759 (1977), reh den 401 Mich 951 (1977).

In a negligence case, the trial court decides the questions of duty and the general standard of care. *Williams, supra* at 500. A business invitor owes a duty to its customers to maintain its premises in a reasonably safe condition and to exercise ordinary care and prudence to keep the premises safe. *Marr v Yousif,* 167 Mich App 358, 361; 422 NW2d 4 (1988), lv den 431 Mich 880 (1988). That duty is not absolute, however; it does not extend to conditions from which an unreasonable risk cannot be anticipated. *Williams, supra* at 500. While a business invitor can control a condition of its premises by correcting physical defects which might result in injuries to its invitees, it cannot control the incidence of crime in the community. *Id.* at 502.

In *Williams,* the plaintiff, a customer in the defendant's store, was shot during a robbery attempt. Our Supreme Court concluded that, as a matter of law, the duty of reasonable care owed by a merchant to its invitees does not extend to providing armed, visible security guards to protect

customers from the criminal acts of third parties. *Id.* at 504. The Court explained:

> The merchant is not an insurer of the safety of his invitees, and for reasons of public policy he does not have the responsibility for providing police protection on his premises. [*Id.*]

Since *Williams* was decided, this Court has consistently affirmed the dismissal of claims against business proprietors for injuries sustained by invitees from acts committed by third-party criminal actors. See *Read v Meijer, Inc,* 178 Mich App 624, 626-627; 444 NW2d 151 (1989), and cases cited therein. See also *Tame v A L Damman Co,* 177 Mich App 453; 442 NW2d 679 (1989). Moreover, this Court has declined to impose liability on a merchant for failure to provide a security guard for a parking lot over which it had no control, *Jones v Williams, supra* at 686, or on a merchant who, in a good faith effort to deter crime, fails to prevent all criminal activity on its premises, *Tame, supra* at 457.

In this case, the assault occurred in a lot near Harpo's Bar. Although a significant portion of Harpo's patrons parked their cars in the lot, we adopt the *Jones* reasoning and decline to impose liability for failing to provide security for an area over which defendant Elba had no control. As the Court in *Jones* stated, even if defendant Elba was the sole owner of the parking lot, ownership alone would not create a duty to provide security. *Id.* at 685. This is not a case where defendant Jabar was in a position to control Georges' actions or to eject him from the parking lot. See *Mills v White Castle System, Inc,* 167 Mich App 202, 203-204; 421 NW2d 631 (1988), lv den 431 Mich 880 (1988). Nor is this a case where defendant Jabar failed to

utilize methods at its disposal to inform the police of the sexual assault or to attempt to frighten off the attacker. See *Diomedi v Total Petroleum, Inc,* 181 Mich App 789; 450 NW2d 91 (1989). Because defendant Elba owed no duty to plaintiff, defendant Jabar did not derive a duty to plaintiff on the basis of the contract.

We also reject plaintiff's claim that her allegations support a common-law duty owed to plaintiff by defendant Jabar. See *Roberts v Pinkins,* 171 Mich App 648, 655; 430 NW2d 808 (1988); *Tucker v Sandlin,* 126 Mich App 701, 704-705; 337 NW2d 637 (1983), lv den 419 Mich 859 (1984) (citing 2 Restatement Torts, 2d, § 324A, p 142).

Affirmed.