BEAUDIN v MICHIGAN BELL TELEPHONE COMPANY

Docket No. 85443. Submitted June 10, 1986, at Detroit. Decided October 21, 1986.

Joyce Beaudin brought an action against Michigan Bell Telephone Company in the Wayne Circuit Court, alleging that Michigan Bell negligently installed telephone equipment on the premises of her employer, Kelly Services, Inc., causing her to trip over a telephone cord. Michigan Bell filed a third-party action against Kelly Services, seeking indemnification under the terms of a tariff which was approved by the Public Service Commission and applied to Michigan Bell's customers. The trial court, Marvin R. Stempien, J., dismissed the third-party complaint, on Kelly Services' motion, ruling that the terms of the tariff had no application to plaintiff's action. Michigan Bell appealed.

The Court of Appeals *held:*

1. An indemnity clause is strictly construed against the party who drafts the clause and the party claiming indemnification.

2. In this case, the indemnity clause purports to indemnify Michigan Bell against all claims arising from any act or omission of the customer, i.e., Kelly Services, in connection with facilities provided by Michigan Bell.

3. The indemnity clause cannot be construed to allow indemnification attributable to Michigan Bell's sole negligence or negligence concurrent with that of Kelly Services.

4. The indemnity clause does not expressly allow indemnification for attorney fees, costs, or any other expenses relating to Michigan Bell's defense costs.

Affirmed.

1. INDEMNITY — JUDICIAL CONSTRUCTION.

An indemnity clause will be strictly construed against the party who drafts the clause and the party who was the indemnitee.

REFERENCES

Am Jur 2d, Indemnity §§ 9, 13-18.

See the annotations in the Index to Annotations under Indemnity; Negligence.

2. INDEMNITY — PUBLIC UTILITIES — TARIFFS.

A tariff approved by the Public Service Commission which provided that a public utility is entitled to indemnity against claims arising from any act or omission of the utility user, in connection with facilities provided by the utility, did not provide the utility with a right to seek indemnity in an action where the plaintiff alleged negligence by the utility.

*Frederick L. Wyckoff,* for Michigan Bell Telephone Company.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *Keith J. Lerminiaux* and *Robert D. Brignall*), for Kelly Services, Inc.

Before: DANHOF, C.J., and CYNAR and J. M. BATZER,* JJ.

PER CURIAM. Michigan Bell Telephone Company, defendant and third-party plaintiff, appeals as of right from the May 17, 1985, order of the Wayne Circuit Court granting a motion for summary disposition, MCR 2.116(C)(8), in favor of Kelly Services, Inc. third-party defendant. We affirm.

Plaintiff filed this action after she tripped over a telephone cord in the course of her employment at the Kelly Services office. Plaintiff alleged that Michigan Bell negligently installed the telephone equipment on the premises of Kelly Services.

Michigan Bell then filed a third-party complaint against Kelly Services seeking indemnification. The theory of indemnity was based upon a tariff promulgated by Michigan Bell and approved by the Michigan Public Service Commission. The tariff provides:

The customer indemnifies and saves the Com-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pany harmless against claims for libel, slander, or infringement of copyright from the material transmitted over its facility; against claims for infringement of patents arising from combining with, or using in connection with, facilities of the Company, apparatus and systems of the customer; and against all other claims arising out of any act or omission of the customer in connection with facilities provided by the Company.

The motion for summary disposition filed by Kelly Services sought dismissal of the third-party complaint. The circuit court granted the motion, reasoning that the language of the tariff did not apply to the circumstances presented by the complaint.

A motion brought under MCR 2.116(C)(8), for failure to state a claim upon which relief may be granted, is to be decided on the pleadings alone. *Wright v Wright,* 134 Mich App 800, 805; 351 NW2d 868 (1984). The motion tests the legal basis of the complaint, not whether it can be factually supported. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery, the motion should be denied. *Haddrill v Damon,* 149 Mich App 702, 704-705; 386 NW2d 643 (1986).

On appeal Michigan Bell argues that the circuit court erred because Michigan Bell is entitled to indemnity under the plain meaning of the indemnity provision contained in the tariff. It further contends that the indemnity language entitles it to costs and attorney fees. In any event, Michigan Bell contends that it is entitled to indemnity for the concurrent negligence of Michigan Bell and Kelly Services if not for the sole negligence of Michigan Bell.

At the outset we note that the parties have assumed for purposes of argument that the tariff is

the equivalent of a valid contractual agreement between the parties. *Black's Law Dictionary* (5th ed), p 1306, defines the term "tariff" this way:

> A public document setting forth services of common carrier being offered, rates and charges with respect to services and governing rules, regulations and practices relating to those services. International Tel. & Tel. Corp. v. United Tel. Co. of Florida, D.C. Fla., 433 F.Supp. 352, 357.

Without deciding that they are equivalent, we will treat the tariff as a valid contractual agreement for the purpose of deciding this appeal.

In its third-party complaint, Michigan Bell denied that it was negligent, but alleged that "if both Michigan Bell and Kelly Services, Inc., were negligent, or if plaintiff and Michigan Bell were negligent or if there were any combination of the negligence of more than one of the parties, then Michigan Bell is entitled to indemnity" based on the indemnity provision of the tariff. It is well established that an indemnity clause will be strictly construed against the party who drafts the clause and the party who was the indemnitee. *Michigan Chandelier Co v Morse,* 297 Mich 41; 297 NW 64 (1941); *Skinner v D-M-E Corp,* 124 Mich App 580, 585; 335 NW2d 90 (1983); *Meadows v Depco Equipment Co,* 4 Mich App 370, 375-376; 144 NW2d 844 (1966).

The indemnity clause purports to indemnify Michigan Bell against all other claims arising from any act or omission of the customer, i.e., Kelly Services, in connection with facilities provided by Michigan Bell. The language refers only to errors of the customer. It does not refer to any error or omission on the part of Michigan Bell. Thus, the tariff cannot be construed to allow in-

demnification attributable to the sole or concurrent negligence of Michigan Bell. We believe that Michigan Bell's reliance upon *Paquin v Harnischfeger Corp,* 113 Mich App 43; 317 NW2d 279 (1982), is misplaced. In that case, the Court found that the broad, all-inclusive language of the indemnification provision could be interpreted to protect the indemnitee against its own negligence because such an intent could be ascertained from the language, from the circumstances surrounding the contract, and from the parties' situation. We find no such intent from the circumstances presented in this case.

Finally, we reject Michigan Bell's argument that it is entitled to indemnification for defense costs in the event a jury would find it free of negligence. The language of the tariff plainly states that the customer indemnifies and saves the company harmless from "all other claims." The language does not expressly allow indemnification for attorney fees, costs or any other expense. Compare, *Redfern v R E Dailey & Co,* 146 Mich App 8; 379 NW2d 451 (1985), lv den 424 Mich 900 (1986).

Affirmed. Costs to appellee.