MILLS v WHITE CASTLE SYSTEM, INC

Docket No. 95232. Submitted January 12, 1988, at Detroit. Decided March 9, 1988. Leave to appeal applied for.

Deborah M. Mills, Carolyn Ellis and two friends parked their automobile in the parking lot of a White Castle restaurant at 2:00 A.M. on August 17, 1985. They observed a group of seven or eight people standing outside another vehicle. The people were drinking alcohol, using obscenities, and being disorderly. Mills, Ellis and their friends went into the restaurant. When they came out forty minutes later, they were attacked by the same group of unruly persons they had observed earlier. One of Mills' and Ellis' friends reentered the restaurant and asked the manager to call the police. He refused to call the police or to allow the friend to call the police and told the friend to go across the street to a public telephone to call the police. The friend did so, but by the time the police arrived, the assailants had left the area. Mills and Ellis filed suit against White Castle Systems, Inc., in Macomb Circuit Court alleging that defendant was negligent in failing to maintain its premises in a safe and prudent manner because it allowed unruly patrons to congregate in its parking lot and, thereby, to attack plaintiffs and because defendant failed, refused or neglected to allow plaintiffs' friend to call the police. Defendant moved for summary disposition. The court, Michael D. Schwartz, J., granted the motion, finding that defendant did not owe plaintiffs a duty to protect them from assaults by third persons and that plaintiffs therefore had failed to state a claim upon which relief could be granted. Plaintiffs appealed.

The Court of Appeals *held:*

1. Defendant had a duty to exercise reasonable care for its invitees' protection and was in a position to control the unruly

REFERENCES

Am Jur 2d, Premises Liability §§ 25, 26.

Liability of otherwise uninvolved person for harm resulting from refusal to telephone, or to allow another to telephone, for emergency or police help. 37 ALR4th 1196.

Liability of innkeeper, restaurateur, or tavern keeper for injury occurring on or about premises to guest or patron by person other than proprietor or his servant. 70 ALR2d 628.

patrons' actions or to eject those patrons from its premises. Plaintiffs' allegations are sufficient to support an inference that defendant had or should have had knowledge of the unruly patrons' presence on its premises, and the specific acts alleged by plaintiffs could constitute a breach of defendant's duty to exercise reasonable care for plaintiffs' protection. Plaintiffs therefore did state a claim upon which relief could be granted.

2. Whether the failure of defendant's employees to eject the unruly patrons or to notify the police or to allow plaintiffs' friend to notify the police was a proximate cause of plaintiffs' injuries is a question of fact for a jury to determine.

Reversed and remanded for further proceedings.

1. NEGLIGENCE — OWNERS OF BUSINESSES — FAILURE TO PROTECT
   PATRONS — UNRULY PERSONS — LIABILITY.
   A business owner has a duty to exercise reasonable care for his invitees' protection and is subject to liability for invitees' physical harm caused by the intentional acts of unruly persons while on the owner's premises where the owner is in a position to control the actions of the unruly persons or to eject them from his premises, but fails to do so.

2. NEGLIGENCE — PROXIMATE CAUSE — QUESTIONS OF FACT.
   The proximate cause of an injury generally is a question of fact for the jury to decide.

*Gary Houghton,* for plaintiffs.

*Zamplas, Paskin, Nagi, Baxter, Johnson & Walker, P.C.* (by *Jeannette A. Paskin*), for defendant.

Before: J. H. GILLIS, P.J., and WEAVER and G. S. ALLEN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the trial court's order granting defendant's motion for summary disposition. MCR 2.116(C)(8). We reverse and remand for further proceedings.

Plaintiffs' complaint alleges that at 2 A.M. on August 17, 1985, plaintiffs and two companions

---

* Retired Court of Appeals judge, sitting on the Court of Appeals by assignment.

parked their automobile in defendant's parking lot. Plaintiffs and their friends observed a group of seven or eight people standing outside of another vehicle. These people were drinking alcohol, using obscenities and "noticeably acting like disorderly persons." Plaintiffs and their companions ignored the group and entered the restaurant. Forty minutes later, plaintiffs and their friends left defendant's business and plaintiffs were attacked by the same group of unruly persons they had observed earlier. During the attack, one of plaintiffs' companions reentered defendant's establishment and asked the manager to call the police. The manager refused to call the police, refused to allow plaintiffs' friend to call the police and told plaintiffs' friend to go across the street and use a public telephone to summon the police. Defendant's restaurant was located at Eight Mile and Gratiot Roads. Plaintiffs further alleged that the delay in summoning the police allowed the unruly group to continue its attack and, in fact, to leave the area before the police arrived. Specifically, plaintiffs alleged that defendant was negligent in failing to maintain its premises in a safe and prudent manner because it allowed unruly patrons to congregate in its parking lot and, thereby, to attack plaintiffs and because it failed, refused or neglected to allow plaintiffs' friend to call the police so that they could aid plaintiffs.

Defendant moved for summary disposition, claiming that plaintiffs had failed to state a cause of action upon which relief could be granted. Defendant read plaintiffs' complaint as alleging that it owed plaintiffs a duty to protect them from attack by unknown third persons or to intercede on their behalf when the attack occurred. Defendant claimed that plaintiffs were, in reality, alleging that it owed them a duty to provide police

protection. Defendant alleged that it owed no such duty. Defendant further alleged that even if its employees had called the police there was no guarantee that the police would have responded.

The trial court granted defendant's motion, holding that defendant did not owe plaintiffs a duty to protect them from assaults by third persons.

A motion for summary disposition for failure to state a claim upon which relief can, be granted, MCR 2.116(C)(8), is tested by the pleadings alone. *Beaudin v Michigan Bell Telephone Co,* 157 Mich App 185, 187; 403 NW2d 76 (1986). Only the legal basis of the complaint is examined. *Id.* The factual allegations of the complaint are accepted as true, along with any inferences which may fairly be drawn therefrom. *Id.* Unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should be denied. *Id.*

In *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418; 418 NW2d 381 (1988), plaintiff Willie Williams was shopping in the defendant's store, which was located in a high-crime area in Detroit. While the defendant generally had a plainclothes security guard on duty, the guard was ill on that day and the defendant was robbed. The plaintiff was injured when he inadvertently ran out behind the robber in the ensuing panic and was shot. The plaintiff alleged that the defendant had breached its duty to exercise reasonable care for the safety of its patrons by failing to provide armed, visible security guards and by failing to intercede on the plaintiff's behalf after learning that a robbery was in progress.

Our Supreme Court noted:

> In determining standards of conduct in the area of negligence, the courts have made a distinction

between misfeasance, or active misconduct causing personal injury, and nonfeasance, which is passive inaction or the failure to actively protect others from harm. The common law has been slow in recognizing liability for nonfeasance because the courts are reluctant to force persons to help one another and because such conduct does not create a new risk of harm to a potential plaintiff. Thus, as a general rule, there is no duty that obligates one person to aid or protect another.

Social policy, however, has led the courts to recognize an exception to this general rule where a special relationship exists between a plaintiff and a defendant. Thus, a common carrier may be obligated to protect its passengers, an innkeeper his guests, and an employer his employees. The rationale behind imposing a duty to protect in these special relationships is based on control. In each situation one person entrusts himself to the control and protection of another, with a consequent loss of control to protect himself. The duty to protect is imposed upon the person in control because he is best able to provide a place of safety.

Owners and occupiers of land are in a special relationship with their invitees and comprise the largest group upon whom an affirmative duty to protect is imposed. The possessor of land has a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land. Consequently, a landlord may be held liable for an unreasonable risk of harm caused by a dangerous condition in the areas of common use retained in his control such as lobbies, hallways, stairways and elevators. Likewise, a business invitor or merchant may be held liable for injuries resulting from negligent maintenance of the premises or defects in the physical structure of the building.

The duty a possessor of land owes his invitees is not absolute, however. It does not extend to conditions from which an unreasonable risk cannot be anticipated or to dangers so obvious and apparent that an invitee may be expected to discover them

himself. Furthermore, "the occupier is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection." [*Id.* at 498-500, quoting Prosser & Keeton, Torts (5th ed), § 61, p 425.]

The Court then held that as a matter of law a merchant's duty of reasonable care does not include providing armed, visible security guards to deter criminal acts of third parties. *Id.* at 501. While the Court noted that 2 Restatement Torts, 2d, § 344, pp 223-224, provided that a business owner is subject to liability for physical harm caused by the intentional acts of third parties, it declined to apply that section to the *Williams* facts because of the public policy concerns underlying its decision. 429 Mich 501 n 15. For instance, the Court noted that the duty to provide police protection was vested in the government and could not be transferred to private citizens. The Court further noted that, while a merchant could control the condition of his premises by correcting defects which could result in injury to an invitee, he could not control crime in his community. *Id.* at 501-502. Moreover, the Court noted that to impose a duty on a merchant to provide armed guards to protect invitees from a third party's criminal act would require him to provide a safer environment than was available in the community at large; because a merchant is not an insurer of his invitees' safety, such a duty should not be imposed. *Id.* at 502. The Court also noted that such a duty should not be imposed because a merchant would be unable to predict the extent of his duty and, therefore, it would be unfair to impose liability when he failed to correctly guess how many guards would be required. *Id.* at 502-503. Finally, the Court noted that imposing such a duty would be against the public interest because shifting the responsibility

to prevent crime onto a merchant would amount to advocating him to resort to self-help. *Id.* at 503-504.

We believe that the facts in this case are easily distinguished from those in *Williams.* Plaintiffs first alleged that defendant should have ejected intoxicated, unruly patrons from its premises. This type of allegation is different from a claim that defendant could have prevented the assault on plaintiffs by providing armed and visible security guards. In fact, defendant was in a position to control the unruly patrons' actions or to eject them from its premises. Plaintiffs' allegations are sufficient to support an inference that defendant had or should have had knowledge about the unruly patrons' presence on its premises. Hence, plaintiffs did state a claim upon which relief could be granted.

Moreover, to the extent that *Williams* suggests that merchants have no duty to intervene in a criminal act of which they become aware, *id.* at 497-498, we find this case distinguishable on the policy rationales discussed in *Williams.* Here, defendant was not asked to provide police protection to plaintiffs. Instead, defendant's employees were asked to summon the police or to allow plaintiffs' companion to summon the police. Self-help was not required and defendant was informed of the extent of the criminal activity. Hence, we believe that these specific acts alleged by plaintiffs could result in a breach of defendant's duty to exercise reasonable care for its invitees' protection and, therefore, plaintiffs did state a claim upon which relief could be granted.

Defendant also claims that its employees' failure to eject the unruly persons or to summon the police or to allow plaintiffs' companion to summon the police was not the proximate cause of plain-

tiffs' injuries. Proximate cause is a question of fact for the jury unless reasonable men would not differ as to whether defendant's alleged breaches of duty were not the cause of plaintiffs' injuries or were too insignificantly connected to or too remotely affected by defendant's breaches of duty. See, e.g., *Fiser v Ann Arbor,* 417 Mich 461; 339 NW2d 413 (1983), reh den 418 Mich 1201 (1984). There may be more than one proximate cause of an injury, and a defendant cannot escape liability for its negligent conduct merely because the negligence of others may also have contributed to the harm caused. *Brisboy v Fibreboard Corp,* 429 Mich 540-547; 418 NW2d 650 (1988). We are unable to say that reasonable men would agree that defendant's employees' failure to eject the unruly patrons or to notify the police or to allow plaintiffs' friend to notify the police was not the proximate cause of plaintiffs' injuries. *Fiser, supra.*

Reversed and remanded for further proceedings.