ALDEN STATE BANK v OLD KENT BANK-GRAND TRAVERSE

Docket No. 108903. Submitted June 15, 1989, at Grand Rapids. Decided September 5, 1989. Leave to appeal applied for.

Alden State Bank brought an action in the Grand Traverse Circuit Court against Old Kent Bank-Grand Traverse alleging that defendant wrongfully dishonored checks payable to plaintiff and drawn on defendant and that it breached a contract between itself and the drawer of the checks and that plaintiff was a third-party beneficiary of that contract. The court, Charles M. Forster, J., granted summary disposition for defendant, holding that, because plaintiff failed to allege that defendant had accepted the checks, it failed to state a cause of action. Plaintiff appealed.

The Court of Appeals *held:*

1. The drawee bank of a check is not obligated to pay the holder until it accepts the check.

2. Plaintiff was not a third-party beneficiary of the contract between defendant and the drawer of the check.

Affirmed.

1. BILLS, NOTES AND CHECKS — ACCEPTANCE — UNIFORM COMMERCIAL CODE.

The drawee bank of a check is not obligated to pay the holder until it accepts the check (MCL 440.3409; MSA 19.3409).

2. CONTRACTS — THIRD-PARTY BENEFICIARIES.

Any person for whose benefit a promise is made by way of contract has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee; a promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for said person; an objective standard is to be used to discern the parties' intentions from the contract itself (MCL 600.1405; MSA 27A.1405).

REFERENCES

Am Jur 2d, Banks §§ 577-586; Contracts §§ 302 *et seq.*

See the Index to Annotations under Banks and Banking; Checks and Drafts; Third-Party Beneficiaries.

*Smith, Johnson, Brandt & Heintz, Attorneys, P.C.* (by *Donald A. Brandt, Allen G. Anderson,* and *Edgar Roy, III*), for plaintiff.

*Bimber & Rogers, P.C.* (by *Frederick R. Bimber* and *Dawn M. Rogers*), for defendant.

Before: HOLBROOK, JR., P.J., and SAWYER and GRIFFIN, JJ.

GRIFFIN, J. Plaintiff, Alden State Bank, appeals as of right from a lower court order dismissing plaintiff's claim against defendant, Old Kent Bank-Grand Traverse, by summary disposition. We affirm.

Plaintiff's original complaint, filed June 22, 1987, alleged that defendant, as successor to Pacesetter Bank & Trust-Grand Traverse, wrongfully dishonored and converted five checks in which plaintiff was payee, defendant was drawee and Zupin Oil Company was drawer. The checks in question were issued between February 8, 1984, and February 14, 1984, and totaled $270,937.58. The initial action was dismissed without prejudice pursuant to a stipulation of the parties. Thereafter the plaintiff on October 9, 1987, filed an amended complaint which realleged the facts contained in the original complaint and added a count of breach of a third-party beneficiary contract.

Grand Traverse Circuit Judge Charles M. Forster granted defendant's motion for summary disposition, ruling that, because plaintiff failed to allege that defendant accepted the checks, the complaint failed to state a claim on which relief can be granted, MCR 2.116(C)(8). The circuit court ruled further that plaintiff's allegations based on the debtor-creditor relationship between Zupin and defendant were "without merit."

A motion under MCR 2.116(C)(8) to dismiss for

failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. All allegations are to be accepted as true and, unless the claim is unenforceable as a matter of law, the motion should be denied. *Beaudin v Michigan Bell Telephone Co*, 157 Mich App 185, 187; 403 NW2d 76 (1986).

The general rule is that drawee banks are not liable to payees on checks. See *W B Farms v Fremont Nat'l Bank & Trust Co*, 756 F2d 663, 666 (CA 8, 1985); *Garden Check Cashing Service, Inc v First Nat'l City Bank*, 25 AD2d 137, 141-142; 267 NYS2d 698 (1966). This rule is embodied in § 3-409 of the Uniform Commercial Code as adopted in Michigan:

> (1) A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it.
> (2) Nothing in this section shall affect any liability in contract, tort or otherwise arising from any letter of credit or other obligation or representation which is not an acceptance. [MCL 440.3409; MSA 19.3409.]

Plaintiff's amended complaint contains no allegations that defendant accepted the checks; therefore, under the plain language of subsection (1) of the above statute, no liability can lie. As observed by commentators White and Summers:

> A party who takes a check in payment of a debt expects the bank on which it is drawn to pay it. However, the drawee bank is not, without more, obligated to pay such a party a nickel. In the words of 3-409(1):
> A check or other draft does not of itself operate as an assignment of any funds in the hands of the

drawee available for its payment, and the drawee is not liable on the instrument until he accepts it.

Thus, even if the drawee arbitrarily dishonors a check, the payee or holder ordinarily has no cause of action against the drawee bank on the instrument. [1 White and Summers, Uniform Commercial Code (3d ed), § 13-7, p 636.]

The instant parties do not dispute that defendant did not accept the subject checks, therefore plaintiff must look elsewhere than subsection (1) to predicate its claim against defendant.

Plaintiff argues that its claim lies within the exception of subsection (2) of the statute as they have alleged a breach of contract action against defendant. The official UCC comment to this section provides:

Subsection (2) is new. It is intended to make it clear that this section does not in any way affect any liability which may arise apart from the instrument itself. The drawee who fails to accept may be liable to the drawer or to the holder for breach of the terms of a letter of credit or any other agreement by which he is obligated to accept. He may be liable in tort or upon any other basis because of his representation that he has accepted, or that he intends to accept. The section leaves unaffected any liability of any kind apart from the instrument.

Plaintiff's amended complaint alleges six different contractual theories; however, by failing to supply authority, plaintiff has abandoned its appeal as to all theories but Count I, breach of a third-party beneficiary contract. Plaintiff argues that it was the third-party beneficiary of defendant's contract with Zupin regarding its checking account and that it may therefore properly maintain an action against defendant under MCL 440.3409(2); MSA

19.3409(2), its claim being "off the instrument."
We disagree.

Third-party beneficiary law in Michigan is controlled by statute. MCL 600.1405; MSA 27A.1405 provides in pertinent part:

> Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.
>
> (1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for said person.

The question therefore is whether defendant undertook to do "something directly to or for" plaintiff such that plaintiff can properly be considered a party "for whose benefit a promise is made." As the statute plainly states, an objective standard is to be used for this determination, and the parties' subjective motives and intentions are irrelevant. *Rieth-Riley Const Co, Inc v Dep't of Transportation,* 136 Mich App 425, 429-430; 357 NW2d 62 (1984), lv den 422 Mich 911 (1985); *Frick v Patrick,* 165 Mich App 689, 694; 419 NW2d 55 (1988), lv den 431 Mich 871 (1988). Where the contract is primarily for the benefit of the parties thereto, the mere fact that a third person would be incidentally benefited does not give that third person the right to recover for its breach. *Rieth-Riley,* pp 430-431.

We recognize that a contractual relationship exists between a bank and its depositors. See *Riverview Cooperative, Inc, v The First Nat'l Bank & Trust Co of Michigan,* 417 Mich 307; 337 NW2d 225 (1983). However, we conclude that in the

instant case plaintiff's benefit from that contract between Zupin and defendant was merely incidental. Consequently, plaintiff has no cause of action for defendant's failure to release Zupin's funds.

As noted by Judge Forster in his opinion, a similar factual situation was addressed in *Atlantic Cement Co, Inc v South Shore Bank,* 730 F2d 831 (CA 1, 1984). There, the drawee bank refused to honor the drawer's checks when presented by the payee. Instead, the bank dishonored the check for "insufficient funds," when in fact there were funds available. The court dismissed as "frivolous" the payee's claim against the bank on a third-party beneficiary theory, ruling that under § 3-409 of the Uniform Commercial Code a drawee is not liable on an instrument until it is accepted and that a claim by the payee against the drawee on a third-party beneficiary theory will not lie. *Id.,* p 833.

The circuit court properly followed this authority in the instant case in dismissing plaintiff's amended complaint as failing to state a claim upon which relief can be granted. Defendant had not accepted Zupin's check, therefore under MCL 440.3409(1); MSA 19.3409(1) it incurred no liability to the payee, plaintiff. Furthermore, we hold that plaintiff's amended complaint does not allege an exception under MCL 440.3409(2); MSA 19.3409(2). Other jurisdictions have ruled in similar factual situations that no contractual obligations arise in favor of payee. *Atlantic Cement Co, supra; W B Farms, supra.* Plaintiff's benefit from the contract arising between Zupin and defendant was so incidental that plaintiff could not be characterized at law as a third-party beneficiary.

Moreover, our conclusion today is consistent with the precode common law of our state. In *The Second Nat'l Bank of Detroit v Williams,* 13 Mich 282 (1865), our Supreme Court stated:

Without acceptance by the bank, or some special undertaking on its part, we do not think the bank could be held liable upon a check, as such, to the payee. There is no privity of contract between the payee and the drawee; and if the money is not paid upon the check, the drawee is only accountable to the drawer. The payee does not take an unaccepted check, relying upon the credit of the drawee, but that of the drawer.

That conclusion was reiterated in *Brennan v Merchants & Manufacturer's Nat'l Bank of Detroit,* 62 Mich 343, 347; 28 NW 881 (1886), and again in *Wilson & Co v Niffenegger,* 211 Mich 311, 317; 178 NW 667 (1920). These early cases held that, absent an estoppel, a drawee has no liability to a payee for dishonor. These common-law principles remain intact except insofar as they are explicitly displaced by the provisions of the Michigan Uniform Commercial Code. MCL 440.1103; MSA 19.1103. We therefore read § 3-409(2) consistently with this common-law rule. As we stated *supra,* the incidental benefit to plaintiff from the contract between Zupin and defendant in the instant case cannot give rise to any right of recovery by plaintiff against defendant on Zupin's checks. This is consistent with our reading of the Uniform Commercial Code, and Michigan's precode common law.

We conclude that in the instant case the circuit court properly ruled that plaintiff's amended complaint failed to state a cause of action. The complaint contains no allegation that defendant accepted the checks, nor does it allege a claim allowable as an exception to the general rule. Thus the circuit court properly granted defendant's motion for summary disposition under MCR 2.116(C)(8).

Affirmed.