DIOMEDI v TOTAL PETROLEUM, INC

Docket No. 108396. Submitted October 18, 1989, at Detroit. Decided
    December 28, 1989. Leave to appeal applied for.

Lisa Diomedi allegedly stopped at a gas station and convenience
    store owned by Total Petroleum, Inc., and approached the
    lighted, glassed-in booth in which Samuel Walker, a Total
    employee, was sitting. She asked Walker for directions, at
    which time a man standing outside of the booth and speaking
    with Walker offered to give her directions. That man led
    Diomedi a short distance from the booth and, while on property
    belonging to Total, grabbed Diomedi. Another man, armed with
    a gun, appeared and took the keys to Diomedi's car. Diomedi
    screamed and struggled, but the two men abducted her, raped
    her at another location, and stole her car. Diomedi filed suit
    against Total Petroleum, Inc., and others, including Samuel
    Walker, in Wayne Circuit Court alleging that defendants were
    negligent by failing to use devices, to which they had access, to
    alert the police to the assault upon plaintiff, of which Walker
    and other employees were aware. Defendants, prior to the
    completion of discovery, filed a motion for summary disposition
    on the basis that they had no duty to insure the security of
    plaintiff, and such others, from the unforeseeable criminal
    activities of other business invitees. The court, Sharon Tevis
    Finch, J., denied the motion. Defendants appealed by leave
    granted.

The Court of Appeals *held:*

1. The trial court did not err in denying summary disposi-
    tion. Plaintiff did not allege that defendants had a duty to
    provide police protection, but that they had a duty to exercise
    reasonable care for the protection of their business invitees and
    that they breached that duty in that the employees were aware
    of the criminal activity and failed to utilize methods at their
    disposal to inform the police of the criminal activity or to
    attempt to frighten off the attackers.

2. Plaintiff's request that sanctions and costs be assessed

REFERENCES

Am Jur 2d, Premises Liability §§ 26, 200.
See the Index to Annotations under Abduction and Kidnapping;
    Assault and Battery; Premises Liability; Rape.

against defendants because the motion for summary disposition was frivolous is denied. The issue raised by defendants was not frivolous.

Affirmed.

NEGLIGENCE — OWNERS OF BUSINESSES — FAILURE TO PROTECT PATRONS — LIABILITY.

A business owner has a duty to exercise reasonable care for his invitees' protection and may be subject to liability for invitees' physical harm caused by the intentional acts of other invitees while on the owner's premises where the owner is in a position to intercede by contacting the police or using other methods at his disposal to frighten off the assailants, but fails to do so.

*Robert L. Henry, Jr.,* and *Stephen K. Postema,* for plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Edward E. Salah* and *Marcia L. Howe*), for defendants.

Before: MAHER, P.J., and MARILYN KELLY and H. E. DEMING,* JJ.

PER CURIAM. Corporate defendants, by leave granted, appeal the trial court's denial of their motion for summary disposition filed pursuant to MCR 2.116(C)(8) and (C)(10). We affirm.

Plaintiff's complaint alleged that she stopped at a gas station-convenience store, owned by the corporate defendants, and approached the lighted, glassed-in booth in which defendant Walker, an employee of the corporate defendants, was sitting. When plaintiff asked Walker for directions, a man standing outside of the booth and speaking with Walker offered to give her directions. The man led plaintiff a short distance from the booth and, while on the corporate defendants' property, grabbed her. Another man, who had a gun, appeared and

* Former circuit judge, sitting on the Court of Appeals by assignment.

took the keys to plaintiff's car. Plaintiff screamed and struggled, without success. The two men abducted her and raped her at another location. According to plaintiff, her car was stolen.

Plaintiff alleged in her complaint that defendant Walker and other employees of the corporate defendants were negligent by, among other things, failing to use devices, to which they had access, to alert the police to the assault being committed upon plaintiff and of which Walker and the other employees were aware. In denying summary disposition, the trial court stated:

> This motion is denied. The plaintiff may pursue [sic] theory that defendant's agents knew of plaintiff's peril, saw the attack, and did not call the police or sound the burglar alarm. I'm citing *Mills* versus *White Castle* [*Mills v White Castle System, Inc,* 167 Mich App 202; 421 NW2d 631 (1988), lv den 431 Mich 880 (1988)] for that.

The corporate defendants argue that they had no duty to insure the security of plaintiff, and such others, from the unforeseeable criminal activities of other business invitees. In support of their argument, they cite *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988). In *Williams,* the plaintiff customer of a retail merchant was present during an armed robbery. When the customer left the store, he was shot by the robber. The customer claimed that, as a matter of law, the merchant was required to provide armed, visible security guards in the exercise of reasonable care for the protection of his customers from the criminal acts of third parties. This our Supreme Court refused to declare, explaining: "The duty advanced by plaintiffs is essentially a duty to provide police protection. That duty, however, is

vested in the government by constitution and statute." *Williams, supra* at 501.

In *Mills, supra,* the Court of Appeals reversed the trial court's holding that the defendant restaurant did not owe injured customers a duty to protect them from assaults by third parties. The plaintiffs in *Mills* alleged that they had been assaulted on the premises of the defendant and that the defendant had refused a request to call the police or to permit the use of defendant's telephone to make such a call. The *Mills* Court distinguished *Williams,* noting the difference in plaintiffs' first allegation (that defendant should have ejected intoxicated, unruly patrons from its premises) from the claim in *Williams* (that the defendant could have prevented the assault by providing armed and visible security guards). *Mills, supra* at 208. The *Mills* Court explained:

> In fact, defendant was in a position to control the unruly patrons' actions or to eject them from its premises. Plaintiffs' allegations are sufficient to support an inference that defendant had or should have had knowledge about the unruly patrons' presence on its premises. Hence, plaintiffs did state a claim upon which relief could be granted. [*Id.*]

The *Mills* Court continued:

> Moreover, to the extent that *Williams* suggests that merchants have no duty to intervene in a criminal act of which they become aware, *id.* at 497-498, we find this case distinguishable on the policy rationales discussed in *Williams.* Here, defendant was not asked to provide police protection to plaintiffs. Instead, defendant's employees were asked to summon the police or to allow plaintiffs' companion to summon the police. Self-help was not required and defendant was informed of the

extent of the criminal activity. Hence, we believe that these specific acts alleged by plaintiffs could result in a breach of defendant's duty to exercise reasonable care for its invitees' protection and, therefore, plaintiffs did state a claim upon which relief could be granted.

Because plaintiff alleged the corporate defendants had devices with which their employees could have summoned the police or attempted to frighten off plaintiff's attackers, we are satisfied that the allegations fit within the mold of *Mills*, rather than the facts in *Williams*. For that reason, the trial court did not err in denying summary disposition.

Plaintiff seeks costs because the defendants filed their motion prior to the completion of discovery and, therefore, it was frivolous. This Court's decision to consider, prior to trial, the issue raised by defendants on appeal obviates our finding the matter to be frivolous. Plaintiff's claim for sanctions and costs pursuant to MCR 2.114 is denied.

Affirmed.