JACKSON v WHITE CASTLE SYSTEM, INC

Docket No. 144765. Submitted November 9, 1993, at Detroit. Decided May 3, 1994, at 9:10 A.M. Leave to appeal sought.

Glenn C. Jackson brought an action in the Wayne Circuit Court against White Castle System, Inc., seeking damages for injuries sustained when he was shot in the leg by an unknown assailant while leaving the defendant's restaurant. The plaintiff alleged that disruptive patrons had been fighting before he entered the restaurant and that he was pushed and assaulted while waiting in line. The assailant left the building, then returned and shot the plaintiff. The court, Samuel A. Turner, J., granted summary disposition for the defendant on the basis that the plaintiff failed to state a claim upon which relief could be granted, finding that the defendant did not have time to react to the assailant's criminal actions. The court denied the plaintiff's motions for reconsideration and to amend his complaint, which were attached together. The plaintiff appealed.

The Court of Appeals *held:*

1. The plaintiff's allegations of an ongoing, prolonged disturbance by unruly patrons on the defendant's premises sufficiently support an inference that the defendant knew or should have known about the presence of the unruly patrons on its premises. The plaintiff stated a claim upon which relief could be granted in alleging that the defendant failed to control or eject the unruly patrons and failed to notify the police when it knew or should have known that its patrons, including the plaintiff, were placed in peril.

2. The trial court abused its discretion in denying the plaintiff's motion to amend his complaint. The proposed amendment had merit.

Reversed and remanded.

REFERENCES

Am Jur 2d, Negligence §§ 104-111; Premises Liability §§ 513-527.

Liability of proprietor for injury to customer or patron caused by pushing, crowding, etc., of other patrons. 20 ALR2d 8.

Liability of innkeeper, restaurateur, or tavern keeper for injury occurring on or about premises to guest or patron by person other than proprietor or his servant. 70 ALR2d 628.

Negligence — Owners of Businesses — Failure to Protect Patrons — Unruly Persons — Liability.

> A business owner has a duty to exercise reasonable care for the protection of business invitees and is subject to liability for an invitee's physical harm caused by the intentional acts of unruly persons while on the owner's premises where the owner fails to control or eject the unruly persons and fails to notify the police when the owner knows or should know that the invitee is in peril.

*Caroline B. Butzu* (*Donald M. Fulkerson,* of Counsel), for the plaintiff.

*Paskin, Nagi & Baxter, P.C.* (by *Jeannette A. Paskin* and *Daniel J. Seymour*), for the defendant.

Before: Holbrook, Jr., P.J., and Neff and J. F. Kowalski,* JJ.

Per Curiam. Plaintiff appeals as of right from an order dated July 29, 1991, granting the defendant summary disposition. We reverse and remand.

On December 27, 1987, at approximately 2:30 in the morning, the plaintiff was shot in the left leg by an unknown assailant while waiting in line inside a White Castle restaurant. In his complaint, the plaintiff alleged that there was an unruly group of people in the restaurant lobby. They were fighting, pushing, and shouting before the plaintiff's arrival. Plaintiff entered the restaurant and was standing in line waiting for his food when someone carrying a baseball bat shoved and threatened him. The assailant then left the building. Plaintiff's complaint further alleged that when he was leaving the building, the assailant suddenly reentered the restaurant and shot the plaintiff in the leg. Plaintiff claimed that the defendant breached its duty to protect and safe-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

guard its premises, and that it knew or should have known of the high propensity for criminal activity in the area. Plaintiff also claimed that the defendant breached its duty to control or eject from the premises the unruly group and failed to notify the police.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(8). The circuit court heard arguments on June 7, 1991, and took the motion under advisement pending further discovery. The subsequent deposition testimony of a White Castle cashier revealed that there had been an altercation in the parking lot of the restaurant earlier that evening that had continued for approximately thirty minutes. The group involved in the dispute moved inside the restaurant and intermittently continued to be disruptive for approximately thirty minutes.

The circuit court granted the defendant's motion for summary disposition. Plaintiff filed a motion for reconsideration together with a motion to amend his complaint. The court was not persuaded that the matter should be reconsidered. The court also denied the motion to amend because MCR 2.119(F)(2) precluded the defendant from responding because the plaintiff had inappropriately attached the two motions together.

In *Duran v Detroit News, Inc,* 200 Mich App 622, 628; 504 NW2d 715 (1993), this Court recently stated:

> A motion under MCR 2.116(C)(8), for summary disposition based upon a failure to state a claim upon which relief can be granted, tests the legal sufficiency of a claim by the pleadings alone. The court must accept as true all well-pleaded factual allegations as well as any conclusions that can be drawn from the facts. The motion should be granted only if the claim is so clearly unenforcea-

ble as a matter of law that no factual development could establish the claim and justify recovery. [Citations omitted.]

Ordinarily, a merchant is not required to protect customers from the criminal acts of third persons. *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495, 504; 418 NW2d 381 (1988). In *Williams,* the plaintiff was shot when he inadvertently followed a robber out of the defendant's store. Our Supreme Court determined that the duty a merchant owes to invitees does not extend to providing armed security guards to protect customers from the criminal acts of third parties. *Id.*

Comparatively, in *Mills v White Castle System, Inc,* 167 Mich App 202; 421 NW2d 631 (1988), this Court reversed the trial court's order granting the defendant summary disposition. In *Mills,* the plaintiffs, upon entering the defendant's business, observed an unruly group of people in the restaurant's parking lot. When the plaintiffs left the building forty minutes later, they were attacked by the same group. One of the plaintiffs' companions reentered the restaurant and requested that the manager call the police. The manager refused to call and also refused to allow the friend to call the police. The friend went across the street to use a public telephone. In the interim, the attack continued and the attackers fled.

In *Mills,* this Court distinguished *Williams,* noting that the plaintiffs' claim that the defendant should have ejected the unruly patrons was different than the contention in *Williams* that the defendant could have prevented the assault by providing armed guards on the premises. The plaintiffs' allegations in *Mills* were sufficient to support an inference that the defendant had or should have had knowledge about the unruly pa-

trons' presence on the premises. Unlike *Williams,* where the defendant was asked to provide police protection to the plaintiff, the defendant in *Mills* was informed of the criminal activity and asked to summon the police or to allow the plaintiffs' companion to summon the police.

In the present case, the circuit court distinguished *Mills* by noting that the business owner in *Mills* had or should have had knowledge about the unruly patrons' presence and was in a position to control them. The circuit court apparently reasoned that the business owner in the present case did not have time to react to the assailant's criminal actions. The circuit court focused on the plaintiff's pleading that stated that the assailant "suddenly and without any encouragement, inducement, consent, cause or provocation" entered the restaurant and shot the plaintiff.

We believe that the allegations in the plaintiff's complaint in this case more closely resemble the circumstances in *Mills* than in *Williams.* The plaintiff's complaint alleges that the disruptive patrons had been fighting before he entered the business. Plaintiff was then pushed and assaulted while waiting in line. One of the unruly patrons carried a baseball bat. After the assailant left the building, and when the plaintiff began to leave the business, the assailant suddenly returned and shot the plaintiff. The assailant's sudden reentering of the business did not render the entire criminal episode so random and instantaneous that the defendant lacked notice to exercise reasonable care for its patrons. Unlike *Williams,* where the plaintiff was shot during an armed robbery of the drugstore, the plaintiff's allegations in this case of an ongoing, prolonged disturbance sufficiently support an inference that the defendant knew or

should have known about the presence of the unruly patrons on its premises.

We recognize that certain claims in the plaintiff's complaint are so clearly unenforceable as a matter of law that no factual development could justify recovery. For example, the plaintiff alleges that the defendant failed to protect its patrons from criminal conduct that was foreseeable because incidents had occurred near the premises in the past, and that the defendant failed to hire security guards to prevent criminal activity. These claims are inconsistent with the core holding of *Williams* that merchants are not responsible for maintaining public order or preventing crime. See *Scott v Harper Recreation, Inc,* 444 Mich 441, 452, n 16; 506 NW2d 857 (1993). However, the plaintiff stated a claim upon which relief could be granted in alleging that the defendant failed to control or eject the unruly patrons and failed to notify the police when it knew or should have known that its patrons were placed in peril.

Next, we find that the trial court abused its discretion in denying the plaintiff's motion to amend his complaint. The circuit court denied the motion to amend because the plaintiff inappropriately attached it to his motion for reconsideration, and MCR 2.119(F)(2) precluded the defendant from responding to the motion for reconsideration. However, MCR 2.119(F)(2) provides that there is to be no response to the motion or oral argument unless the court otherwise directs. The court should have given the plaintiff an opportunity to amend his complaint, and the defendant a chance to respond, because summary disposition was granted on the basis that the plaintiff failed to state a claim upon which relief could be granted. MCR 2.116(I)(5). Leave to amend shall be freely given when justice

so requires. MCR 2.118(A)(2). Plaintiff's attempt to amend his complaint was not futile because he attempted to disprove with documentary evidence the court's conclusion that the criminal activity was too sudden for the defendant to know about the unruly patrons' presence.

Reversed and remanded for further proceedings. We do not retain jurisdiction.