MacDONALD v PKT, INC

Docket No. 204703. Submitted December 3, 1998, at Detroit. Decided January 15, 1999, at 9:00 A.M. Leave to appeal sought.

Molly MacDonald brought an action in the Oakland Circuit Court against PKT, Inc., after sustaining a fractured ankle at the defendant's outdoor amphitheater as she tried to dodge sod thrown by other concertgoers. The plaintiff alleged that the defendant was negligent in failing to provide proper security, failing to stop the concert, failing to screen the concertgoers for intoxicated individuals, and by selling alcoholic beverages. The defendant moved for summary disposition on the grounds of failure to state a claim on which relief can be granted and on absence of a genuine issue of material fact, arguing that it did not have a duty to protect the plaintiff from the criminal acts of third parties. The court, Jessica R. Cooper, J., granted the motion and denied a subsequent motion by the plaintiff to amend her complaint to add nuisance, negligent design, and third-party beneficiary claims, as well as to more specifically set forth her original negligence claim. The plaintiff appealed.

The Court of Appeals held:

1. Merchants ordinarily do not have a duty to provide security guards to protect customers from the criminal acts of third parties. However, merchants have a duty to use reasonable care to protect their identifiable invitees from the foreseeable criminal acts of third parties. Whether the risk of harm from third-party criminal activity is foreseeable in a particular case is generally a question of fact for the jury. In this case, there existed genuine issues of material fact with respect to whether the sod-throwing incident was foreseeable and whether the defendant used reasonable care to protect the plaintiff from injury. Therefore, the trial court erred in granting summary disposition for the defendant pursuant to MCR 2.116(C)(10).

2. Taking the allegations in the plaintiff's complaint as true, it cannot be concluded that her negligence claim was so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. Therefore, the trial court erred in

granting summary disposition for the defendant pursuant to MCR 2.116(C)(8).

3. The trial court abused its discretion in denying the plaintiff's motion to amend her complaint. Under MCR 2.116(I)(5), if a court grants summary disposition pursuant to MCR 2.116(C)(8), (9), or (10), the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the evidence then before the court shows that amendment would not be justified or would be futile. The plaintiff's proposed claims would not have been futile because they were not legally insufficient on their face and were justified by the evidence before the court.

Reversed.

NEGLIGENCE — BUSINESS INVITEES — CRIMINAL ACTS OF THIRD PARTIES.

Merchants have a duty to use reasonable care to protect their identifiable invitees from foreseeable criminal acts of third parties; ordinarily, whether a duty exists is a question of law for a court to decide; however, where the determination of duty depends on factual findings, those findings must be made by the jury; whether the risk of harm from third-party criminal activity is foreseeable in a particular case is generally a question of fact for the jury.

*Lopatin, Miller, Freedman, Bluestone, Herskovic, Heillmann & Domol* (by *Lauren G. Cohen*), for the plaintiff.

*Dykema Gossett PLLC* (by *Kevin P. Fularczyk*), for the defendant.

Before: DOCTOROFF, P.J., and SAWYER and FITZGERALD, JJ.

PER CURIAM. In this negligence action, plaintiff appeals as of right from the trial court's order granting summary disposition in favor of defendant[1] pursuant to MCR 2.116(C)(8) and (10)  and denying plain-

---

[1] Because defendant Capital Cities/ABC, Inc., was dismissed with prejudice before the trial court's order granting summary disposition, we will refer to defendant PKT, Inc., also known as Pine Knob Music Theater and Arena Associates, as "defendant" throughout this opinion.

tiff the opportunity to amend her complaint. We reverse.

Plaintiff attended the PlanetFest concert, at which several bands were scheduled to appear, at the Pine Knob Music Theater. The Pine Knob Music Theater is an outdoor amphitheater, offering reserved seating in a pavilion and open seating on a grass-covered hill. Plaintiff received tickets to the concert as part of a promotional giveaway by a local radio station sponsoring the concert. Plaintiff arrived at the Pine Knob Music Theater with a friend and found a spot to sit on the hill. Sometime later, while one of the bands was performing, a few individuals on the hill began to pull up sod and throw the sod at others. In previous years, there had been two sod-throwing incidents at the theater. Before the show, the event coordinator had asked that the bands stop performing and announce that the sod throwing must stop if audience members began throwing sod. Pursuant to the event coordinator's request, the band stopped performing, made the announcement, and refused to continue its performance until the sod throwing stopped. The crowd complied and several individuals involved in the incident were ejected from the theater. Approximately forty-five minutes later, while a different band was performing, the sod throwing began again. When the band refused to make an announcement or to stop performing until the sod throwing stopped, the event coordinator made an announcement demanding that the sod throwing stop. When the sod throwing continued, the band made an additional announcement. Numerous individuals involved in the incident were ejected from the theater. However, plaintiff fractured

her ankle when she fell in an attempt to avoid a large piece of sod thrown in her direction.

Plaintiff filed a complaint alleging that defendant was negligent in failing to provide proper security, failing to stop the performance when it should have known that continuing the performance would incite the crowd, failing to screen the crowd to eliminate intoxicated individuals, and by selling alcoholic beverages. Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10), arguing that it did not have a duty to protect plaintiff from the criminal acts of third parties. The trial court granted defendant's motion on that basis.

Plaintiff first argues that the trial court erred in granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(8) and (10). We agree. We review de novo the grant or denial of a motion for summary disposition. *Int'l Brotherhood of Electrical Workers, Local Union No 58 v McNulty*, 214 Mich App 437, 442; 543 NW2d 25 (1995). A motion for summary disposition pursuant to MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Simko v Blake*, 448 Mich 648, 654; 532 NW2d 842 (1995). All factual allegations supporting the claim are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the facts. *Marcelletti v Bathani*, 198 Mich App 655, 658; 500 NW2d 124 (1993). The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992).

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual support for a claim.

*Amorello v Monsanto Corp*, 186 Mich App 324, 329;
463 NW2d 487 (1990). Such a motion may be granted
when there is no genuine issue of material fact and
the moving party is entitled to judgment as a matter
of law. *Id.* Giving the benefit of doubt to the nonmov-
ant, this Court must determine whether a record
might be developed that will leave open an issue
upon which reasonable minds could differ. *Bertrand
v Alan Ford, Inc*, 449 Mich 606, 618; 537 NW2d 185
(1995).

To establish a prima facie case of negligence, a
plaintiff must demonstrate that (1) the defendant
owed a duty to the plaintiff, (2) the defendant
breached that duty, (3) the defendant's breach of its
duty was the proximate cause of the plaintiff's injury,
and (4) the plaintiff suffered damages. *Richardson v
Michigan Humane Society*, 221 Mich App 526, 528;
561 NW2d 873 (1997). Plaintiff argues that the trial
court erred in finding that the sod-throwing incident
was not foreseeable and, therefore, defendant did not
have a duty to protect plaintiff. Plaintiff further
argues that the trial court erred in concluding as a
matter of law that defendant used reasonable care to
protect its invitees from such activities.

Generally, there is no duty to protect against the
acts of a third person. *Marcelletti, supra* at 664. How-
ever, an exception to this general rule exists where
there is a special relationship between the defendant
and the plaintiff, or between the defendant and the
third person. *Id.* One of the special relationships that
will impose a duty to protect against the acts of third
parties is the relationship between an occupier of
land and its invitees. *Williams v Cunningham Drug
Stores, Inc*, 429 Mich 495, 499; 418 NW2d 381 (1988).

Ordinarily, merchants do not have a duty to provide security guards to protect customers from the criminal acts of third parties. *Id.* at 504. However, invitors have a duty to use reasonable care to protect their identifiable invitees from the foreseeable criminal acts of third parties. *Mason v Royal Dequindre, Inc*, 455 Mich 391, 405; 566 NW2d 199 (1997).

Ordinarily, whether a duty exists is a question of law for the court to decide. *Id.* at 397. However, where the determination of duty depends on factual findings, those findings must be made by the jury. *Holland v Liedel*, 197 Mich App 60, 65; 494 NW2d 772 (1992). Whether the risk of harm from third-party criminal activity is foreseeable in a particular case is generally a question of fact for the jury. *Id.* at 63. Here, in response to defendant's motion for summary disposition, plaintiff submitted evidence that there had been incidents of sod throwing at previous concerts and that defendant was aware of those incidents. Plaintiff also presented evidence that defendant had formulated policies to deal with sod-throwing incidents before the PlanetFest concert. Accordingly, at the very least, a genuine issue of material fact existed with respect to whether the sod-throwing incident was foreseeable. Therefore, the trial court erred in granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10) after finding that the risk of harm from the sod-throwing incident was not foreseeable.

Plaintiff next argues that the trial court erred in determining as a matter of law that defendant used reasonable care to protect her from injury. The reasonableness of a defendant's conduct is generally a question for the jury. *Riddle v McLouth Steel Products*

*Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). However, questions concerning reasonable care may be determined by the court as a matter of law if there are overriding concerns of public policy. *Scott v Harper Recreation, Inc*, 444 Mich 441, 448; 506 NW2d 857 (1993). Here, in support of its motion for summary disposition, defendant submitted evidence that it provided approximately forty security officers during the concert, and that approximately eleven officers from the Oakland County Sheriff's Department were working at the concert. Defendant also submitted evidence that it stopped the show on three separate occasions in an effort to stop the sod throwing. In response, plaintiff submitted the affidavit of its expert witness, stating that defendant was negligent in failing to have adequately trained security personnel properly positioned at the concert, failing to summon police to eject or arrest those throwing sod, failing to have a clear, written policy regarding sod throwing, allowing the concert to continue after the first sod-throwing incident, and serving alcohol. Accordingly, a genuine issue of material fact existed with respect to whether the security measures taken by defendant were reasonable, and the trial court erred in granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10).

Furthermore, taking as true the allegations in plaintiff's complaint, we cannot conclude that plaintiff's negligence claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. *Wade, supra* at 163. Plaintiff's complaint sufficiently alleged the elements of a negligence claim. See *Jackson v White Castle System, Inc*, 205 Mich App 137; 517 NW2d 286 (1994) (hold-

ing that the plaintiff stated a claim upon which relief could be granted in alleging that the defendant property owner failed to control or eject unruly patrons and failed to notify police when it knew or should have known that patrons were in danger). Therefore, defendant was not entitled to summary disposition of plaintiff's negligence claim pursuant to MCR 2.116(C)(8).

Next, plaintiff asserts that the trial court erred in denying her motion to amend her complaint. We agree. A trial court's decision regarding a motion to amend a pleading is reviewed on appeal for an abuse of discretion. *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997).

Plaintiff sought to amend her complaint pursuant to MCR 2.116(I)(5). If a court grants summary disposition pursuant to MCR 2.116(C)(8), (9), or (10), the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, "unless the evidence then before the court shows that amendment would not be justified" or would be futile. MCR 2.116(I)(5); *Weymers*, *supra* at 658. Ignoring the substantive merits of a claim, an amendment is futile if it is legally insufficient on its face. *McNees v Cedar Springs Stamping Co*, 184 Mich App 101, 103; 457 NW2d 68 (1990). Here, plaintiff sought to add nuisance, negligent design, and third-party beneficiary claims, and to more specifically set forth her negligence claim. Plaintiff's proposed claims were not legally insufficient and were justified by the evidence before the court. Accordingly, we conclude that the trial court abused its discretion in denying plaintiff's motion to amend her complaint.

Reversed.